## Alms, et al. v. Burns, et al.

(Decided December 19, 1924.)

### Appeal from Daviess Circuit Court.

1. Drains—Petition Failing to Describe District or Land to be Drained Held Insufficient.—A petition seeking to establish a drainage district, which totally failed to describe district or land to be drained, was insufficient in view of Kentucky Statutes, section 2380, subsection 2, requiring petition to set forth district

and land to be drained in such way as to convey general idea as to location of land.

2. Drains—Court Without Jurisdiction to Establish New Drainage District Merely to Clean Out Ditches in Existing District.—Where petition seeking to establish drainage district recited object was to clean out ditches in district theretofore established, court was without jurisdiction, since Kentucky Statutes, section 2380, subsection 39, provides for keeping an established district open and cleaned out, and there is nothing in the statutes to warrant court in estabishing a new drainage district covering same territory.

E. B. ANDERSON, F. A. ROBY, AUD & HIGDON and W. FOSTER HAYES for appellants.

REUBEN MILLER HOLLAND and L. I. IGLEHEART for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

On September 15, 1919, a petition was filed in the Daviess county court, seeking to establish a drainage district. In that petition the following language is used:

"Your petitioners state that said proposed drainage district is very much in need of drainage; that the route theretofore described over which said proposed ditch is to be established is the same ditch or drain established by a judgment and order of the Daviess county court in the drainage proceeding of S. J. Vance, et al., on petition to establish a ditch; that said S. J. Vance ditch was established as a public ditch by an order of the Daviess county court in said drainage proceeding in the month of August, 1898, and said ditch since its construction has become filled up to a great extent with mud, logs and other debris, and at this time there exists an urgent necessity for the cleaning out and enlargement of said Vance ditch."

In attempting to describe the district, the petitioners describe the ditch as beginning at a certain point and running from that point a certain course and a certain number of feet, and then changing and running a different course for a certain number of feet, etc. This description accurately describes the ditch so that it could be located to a fraction of an inch, but it doesn't describe

nor attempt to describe the district. Under the drainage law of 1893, it was merely necessary to give a general description of the starting point, route and terminus of the proposed ditch, section 2381, Kentucky Statutes, 1894; but the law of 1912, section 2380, subsection 2, in addition to this, requires that the petition should set forth the body of land or district of land proposed to be drained, ditched or leveed, describing it in such a way as to convey a general idea as to the location of the land. This petition doesn't undertake to describe the land to be drained at all, nor does it even say in what county it lies. It follows that this petition was insufficient.

The appellants have attacked the court's jurisdiction of the subject matter for two reasons: First, because the land to be affected or benefited is not described in even a general way; second, because it is proposed by this proceeding to create a drainage district covering identically the same territory affected by a former proceeding. The petitioners were not required to give an exact and accurate description of the land affected, but the petition should have been sufficient to enable landholders that might examine it to know whether or not their land would probably be included in the district when established.

A drainage district has heretofore been established, and a ditch heretofore constructed for the purpose of draining the land sought to be drained by this proceeding, and by subsection 39 of section 2380 of the statutes, a provision is made for keeping a ditch that has been established, open and cleaned out. There is nothing in the statutes to warrant the court in establishing a new drainage district covering this same territory.

In Kelly v. Drainage District No. 60, 138 N. W. 841, it was held that a drainage district could be established, covering precisely the same territory as one previously organized, but the drainage law of Iowa contains this provision:

"If any levee, drainage district or improvement heretofore established either by legal proceedings or by private parties, or which may hereafter be established shall prove insufficient to protect or drain all of the lands necessarily tributary thereto, the board of supervisors, upon petition therefor as for the establishment of an original levee or drainage district, shall have the power and authority to estab-

lish a new levee or drainage district covering and including such old district or improvement, together with any additional lands deemed necessary.''

It might be a wise thing for the legislature to make a similar provision in this state for the purpose of enlarging a ditch that has proved insufficient, but it has not done so; hence it follows that when the petitioners recited in their petition that the object of this proceeding was to clean out a ditch that had theretofore been established, that statement deprived the court of jurisdiction.

The judgment is reversed, and this cause is remanded with directions to dismiss the petition.