## Gregory v. Franklin-Simpson County Board of Education, et al.

## Robertson v. Franklin-Simpson County Board of Education, et al.

Feb. 26, 1946.

As Modified on Denial of Rehearing

May 24, 1946.

Rodes K. Myers and Leland H. Logan for appellants.

J. Lee Moore, A. B. Crow, Joe P. Clark and E. P. Hatter for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Reversing.

Alleging certain irregularities in the calling and conducting of an election for the purpose of ascertaining the sense of the voters in East School Sub-District and West School Sub-District, in Simpson County, on the question of laying an additional levy of Fifty Cents (50c) per One Hundred Dollars ($100) valuation of taxable property in the Districts, appellants filed these actions seeking injunctions prohibiting the levy of the tax. Appellees filed special and general demurrers to the petitions, and without waiving either, filed their answers. The cases were consolidated, submitted upon the special demurrers, and the Court entered the following order, from which these appeals have been taken:

"These two actions being heard on the special demurrer of the defendants, and the court considering the entire record in this cause in each of said causes is of

the opinion and therefore adjudges that the special demurrer to plaintiffs petition be sustained and that the petition in each of said causes be dismissed. Whereupon came counsel for plaintiffs and moved the Court for five days within which to file an amended petition. The Court overruled said motion to which the plaintiffs objected and·excepted.

"The Court is of the further opinion since reading the entire record that the questions involved in the petition as to the defendants named in the petition is a moot question, they having performed and done the things complained of prior to the filing of the petition. To the ruling of the Court, the plaintiffs except for the reason the Court considered the allegations in the defendants answer, and the exhibits filed therewith on reaching his conclusion to sustain the special demurrer.

"To all of which rulings of the Court, the plaintiffs object and except and pray appeal to the Court of appeals, which is granted plaintiffs.

"The plaintiffs shall execute bond for costs and proceed as expeditiously as possible but not to exceed fifteen days in forwarding the record to the Court of Appeals, and the Court requests the Appellate Court when appeal is filed to advance same and pass on same as expeditiously as same may be practicable with the Appellate Court."

The cases have been consolidated in this Court, and the first question for determination is raised by a motion to dismiss the appeals, on the ground they were not filed in the time allowed by the Chancellor, viz., fifteen days. The answer to this question presents no difficulty. On the appeal granted below, appellants had until twenty days before the first day of the second term of this Court next after the granting of the appeals within which to file the transcript of the record, Sec. 738, Civil Code of Practice; and the Chancellor was without power to reduce the time allowed.

We cannot tell from the judgment the theory upon which the Chancellor sustained the special demurrers. He proclaims in his order that he considered the answers and exhibits, which was wholly improper in ruling upon the special demurrers. In support of the Chancellor's ruling, it is argued (1) that appellants did not allege they were "qualified to and did vote on" the question,

and (2) the action was not instituted within thirty days after the election, in accordance with KRS 122.140. This argument is premised upon the contention that these are suits to contest an election; but they are not; they are suits to enjoin the levy of a tax which it is alleged is unauthorized by law. Such actions may be maintained at any time within the period the board attempts to levy the tax. Appellants allege in their petitions that they are residents and taxpayers of their respective Districts; this allegation was sufficient to show that each had the right to question the legality of the tax, and that the Simpson Circuit Court had jurisdiction of the actions.

Finally, it is insisted that if the Court should determine that the actions are not election contests, but merely are suits to enjoin the levy of a tax, the special demurrers were properly sustained, because the members of the Fiscal Court of Simpson County were not made parties defendant, and under KRS 160.150, they must levy the tax involved. Perhaps it would have been better practice to have made the members of the Fiscal Court parties defendant; but they may exercise no discretion in the matter. The Statute mandatorily requires the Fiscal Court to levy the tax when directed to do so by the Board of Education. However, this contention was not made in the lower Court in support of the special demurrer. Had it been, appellees no doubt would have amended and cured the defect; but even that right was denied them in the final order recited above.

All questions not specifically mentioned in this opinion are reserved.

The judgment is reversed, with directions that it be set aside; that an order be entered overruling the special demurrers; and for further proceedings.