311 S.W.2d 378 (1958)
Norman CURTIS and Frank Hempel and Helen Hempel, Appellants and Appellees,
v.
LOUISVILLE AND JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT, Jefferson County Fiscal Court, composed of B. C. Van Arsdale, County Judge and March Beauchamp, Robert A. Fihe and Mortimer Viser, County Commissioner and City of Louisville, Appellants and Appellees.
Court of Appeals of Kentucky.
March 14, 1958.
*380 Jack W. Womack, Louisville, for appellants and appellees Norman Curtis and Frank Hempel and Helen Hempel.
Blakey Helm, James G. Becker, Louisville, for appellees and appellants Louisville Metropolitan Sewer Dist.
Charles W. Dobbins, Louisville, for Jefferson County Fiscal Court.
William E. Berry, Louisville, for City of Louisville.
CULLEN, Commissioner.
Through the procedure of submission of an agreed case, under KRS 418.020, various questions were presented to the circuit court concerning the validity of certain procedures taken or proposed to be taken under KRS 76.240 to 76.280 to accomplish improvement of surface drainage in a particular area of Louisville and Jefferson County. The parties are the Louisville and Jefferson County Metropolitan Sewer District, the City of Louisville, the Jefferson County Fiscal Court, two property owners within the City of Louisville, and one property owner in Jefferson County outside the city. The circuit court entered judgment making a declaration on each of the questions presented. Each of the parties is satisfied with some parts of the judgment and dissatisfied with other parts, and all of the parties have appealed.
The statute in question, KRS 76.240 to 76.280, was enacted in 1956. It provides that the governing board of the sewer district may adopt a resolution proposing a surface drainage improvement in a designated area, KRS 76.240; the resolution must in certain instances be approved by the fiscal court of the county and by the legislative body of a city of the first class, KRS 76.245; a public hearing must be held of which the property owners are given notice and at which they may present objections, KRS 76.255; after the necessary approvals have been obtained and all objections have been determined, the land in the improvement area is to be divided into four classes, according to the degree of benefit, and assessments for the cost of the improvement are to be levied on the basis of the classification, KRS 76.260.
Proceedings were commenced under this statute by the Metropolitan Sewer District. A resolution was adopted, calling for surface drainage improvements in a large area partly within and partly without the City of Louisville. The resolution was submitted for approval to the Board of Aldermen of Louisville and to the Fiscal Court of Jefferson County. The fiscal court approved the resolution, but the board of aldermen refused to take any action, on the ground that none of the actual construction work *381 would be done within the city and therefore approval by the board of aldermen was not required. Notice to the property owners, of a public hearing, was prepared by the board of the sewer district, but before the notice was published or posted this action was brought, to determine the validity of the steps theretofore taken.
The first question for our consideration is whether approval of the resolution by the Board of Aldermen of Louisville is required. The proposed improvement area includes some 2,000 acres within the city, which would be benefited by the improvement and which would be assessed for cost of the improvement. However, none of the actual construction work will be done within the city. The statute, KRS 76.245, states that approval of the legislative body of the city is required if the proposed improvement "is to be constructed in whole or in part within the limits" of the city. The circuit court placed a literal interpretation on the word "constructed," and held that approval by the Board of Aldermen of Louisville was not required for this improvement project. It seems to us that the important consideration, as concerns approval, is the operative effect of the improvement, rather than the mere location of the physical facilities. We cannot believe that the legislature intended that the city legislative body should have a voice only as to the construction of physical facilities, and not as to the practicability and effectiveness of the project as a drainage system for the people of the city. Subsection (3) of KRS 76.245 requires approval of a modification of the original resolution if the "improvement includes territory" in the city, and KRS 76.250 states that "construction work" includes planning and engineering, and supervision costs. These provisions indicate that "constructed" as used in the first part of KRS 76.245 was not intended to refer only to actual, physical construction work. It is our opinion that the judgment is erroneous on this point.
The second question is whether the statute requiring approval of the project by the fiscal court and by the legislative body of the city of the first class, KRS 76.245, is unconstitutional on the ground that it results in subordination of the authority of one distinct municipal corporation (the district) to that of two others (the county and the city), or that it has the effect of permitting city and county officers to act as officers of the district, in violation of the prohibition set forth in Section 165 of the Kentucky Constitution against one person at the same time holding offices in two different municipalities.
In Rash v. Louisville & Jefferson County Metropolitan Sewer District, 309 Ky. 442, 217 S.W.2d 232, this Court held unconstitutional, on the grounds above mentioned, a statute that would have made the Director of Law of the City of Louisville the official attorney for the sewer district, and another statute that would have given the Board of Aldermen of Louisville the power to fix or change rates for services rendered by the sewer district. However, we think the statute now before us is not of the same character as those involved in the Rash case. The only power the city and county governing bodies are to exercise under KRS 76.245 is the power to determine whether a particular project proposed by the district shall be undertaken. Once the project has been approved, the district exercises sole authority in carrying it out. There is no question here of dual management, as there was in the Rash case. It is not a case of subordination of the authority of the sewer district in the exercise of a power conferred upon it by law, but rather a case where the power of the district never comes into existence until the city and the county have given their approval. As concerns surface drainage under the statute in question, the sewer district has been given the power to execute, but not the exclusive power to initiate. We think it is comparable to a situation where a district is not permitted by statute to embrace a city unless the city elects to come into the district. It could be said that no area of the city or county is really a part of the sewer district, *382 for surface drainage purposes, until the governing body of the city or county has approved the proposed drainage plan for that area.
There is no basis upon which it could be said that the members of the governing bodies of the city and the county, simply by virtue of their approval power, are holding offices in the sewer district.
The circuit court held KRS 76.245 to be constitutional, and we concur.
The third question is whether KRS 76.260 is valid in establishing what seems to be a conclusive presumption that all land within the designated improvement area will receive some benefit, and therefore is subject to assessment. The appellant property owners point out that some of the property in the area here in question is upon hills or similar elevations, with a vested property right to the free flow of surface water by natural courses onto the lower estates. They argue that such property could not be benefited by the improvement, and therefore cannot constitutionally be assessed.
As concerns assessments for street improvements, this Court has held that where the improvement area clearly will be benefited, each property owner may be compelled to pay a share of the cost, and it is not necessary to show a specific enhancement of value of each individual parcel of property. Preston v. Rudd, 84 Ky. 150; Nevin v. Roach, 86 Ky. 492, 5 S.W. 546; City of Louisville v. Bitzen, 115 Ky. 359, 73 S.W. 1115, 61 L.R.A. 434. We think that in the case of a surface drainage improvement area, any property that geographically is a part of the watershed or drainage basin may properly be considered to be benefited by the project through the general improvement of conditions of health, comfort and convenience in the area and the resulting general enhancement of values in the area. The circuit court held that all property in the area could be deemed to be benefited, and we affirm that holding.
The fourth question is whether Iroquois Park, a public park of the City of Louisville, which is included in the drainage improvement area, is subject to assessment for any part of the costs of the improvement. KRS 97.252 provides that all land held by a city of the first class for park purposes shall be held "in strict and inviolable trust for such public purposes, free from all taxation, imposts or assessments by state, county, district, municipal, or other governmental subdivision." Obviously, this statute will exempt the park property from assessment for drainage improvements, unless the statute may be considered to have been impliedly repealed, in part, by the surface drainage act here in question, which is a later enactment. As we view the question, the legislature by KRS 97.252 has announced a general policy that park property should be exempt from assessments. We are unable to find in the general provisions of KRS 76.260, that "all land" within the area shall be assessed, any indication of an intent to depart from the established policy of exempting park property. We think that in order to find a departure from a fixed policy such as this, no implication should be employed, and the intent to depart should be clearly expressed. The circuit court held that the park property was not assessable, and we concur.
The fifth and sixth questions relate to the sufficiency of the form of the resolution proposing the improvement. KRS 76.240(2) requires that the resolution "describe the territory in which such surface drainage is planned," and "state what kind of improvements are to be made." The circuit court held that the resolution did not sufficiently describe the territory, and did not sufficiently state the nature of the improvements to be made.
The resolution describes the territory as the "Pond Creek Drainage Basin," consisting *383 of "all that land lying in Jefferson County, Kentucky, and partially within the City of Louisville, which drains into that part of the channel of Pond Creek and its tributaries lying upstream from the Stonestreet Road Bridge, as shown in red on the attached map." Attached to the resolution is a map consisting of various single lines to indicate the courses of streams, designated by name, and various double lines to indicate roads, also designated by name. The entire map is bounded by a red line, and there is nothing on the map outside the red lines. The alleged insufficiency of the resolution and map lies in the fact that a landowner by examining them cannot determine with reasonable certainty whether his land is included.
It is argued on behalf of the sewer district that the resolution is intended, initially, only to give the city and county governing bodies a general outline of the improvement area, so that they may consider whether the improvement project as a whole is practicable and desirable; that those bodies are not concerned with exact boundary lines; that it would be unreasonable to require the district to go to the expense of an exact survey before it knows whether the project will be approved; and that the description can be made exact and complete after the approval has been obtained, so that the published notice to the property owners, under KRS 76.255, will be sufficient to enable each owner to determine whether his land is included. We believe this argument to be sound, and we think the description of the territory was adequate for purposes of submission of the proposal to the city and county governing bodies for approval. The judgment is erroneous on this point.
The resolution stated that "the improvement of existing drainage facilities and construction of surface drains and other such facilities in the Pond Creek Drainage shall be accomplished by a series of improvement projects designed to create an improved integrated drainage system for said Basin." The resolution further stated that one of the series of projects would be according to plans on file in the office of the sewer district. The circuit court held that this did not constitute a sufficient description of the "kind of improvements" to be made, as required by KRS 76.240(2). We agree with this holding. Had the resolution made reference to plans for the entire project, on file in the office of the district, we think it would have been sufficient. However, the resolution in its present form gives the governing bodies of the city and county no picture of what kind of improvements are proposed, and we think the statute contemplates that the resolution shall state the nature of the improvements in sufficient detail to enable the governing bodies to make an intelligent decision as to whether to approve or reject the project. We think that the governing bodies are entitled to know, at least, whether the work will consist only of deepening or widening existing drains, or will involve making new channels, or will involve construction of artificial drainage devices, and the scope and extent of each type of work proposed.
The seventh and eighth questions relate to the sufficiency, as to description both of the territory and the nature of the improvements to be made, of the notice to be given to the property owners. The circuit court held the notice to be insufficient in both respects.
As concerns the description of the territory, the proposed notice is in much more detail than the resolution. It includes a starting and closing point, and directional lines with some 20 points of direction change; it also lists by name the streams into which the area drains. However, the description is not by exact points and distances, and the boundaries cannot be ascertained with accuracy. The landowner's opportunity to be heard or present objections *384 depends upon the description in the published notice, and we think the description should be sufficient to enable any landowner to determine whether his land will be included in the improvement area. See Alms v. Burns, 206 Ky. 283, 267 S.W. 241. We agree with the circuit court's holding that the description here is not sufficient.
The notice makes reference to plans for the improvement project on file in the office of the district. However, it is not clear whether the reference is to plans for the entire project or, as in the case of the resolution, is to plans for only part of the project. Accordingly, we must concur in the holding of the circuit court that the notice does not sufficiently state the kind of improvements to be made. If complete plans are in fact on file in the office of the district, and if the notice is amended to so state, it will then be sufficient in this regard. However, we think it would be desirable for the notice to state in a general way what the nature of the improvements will be, in addition to making reference to the plans.
The ninth and final question, as presented to the circuit court, was whether the resolution must be resubmitted to the fiscal court for approval. The circuit court held that resubmission was not required. In view of our decisions that the approval of the Board of Aldermen of Louisville is required, and that the form of the resolution was not sufficient to describe the kind of improvements to be made, it is our opinion that the resolution must be resubmitted both to the fiscal court and the board of aldermen.
To the extent that the judgment conforms with this opinion it is affirmed; to the remaining extent it is reversed, with directions to enter judgment in conformity with this opinion.