**L. FORRESTER et al., Appellants,**

**v.**

**G. H. TERRY et al., Appellees.**

Court of Appeals of Kentucky.

May 11, 1962.

Reed & Hines, Paducah, for appellants.

Harry W. Roberts, Jr., Clinton, James Warren, Fulton, for appellees.

STANLEY, Commissioner.

Pursuant to KRS 262.700 et seq. (an Act of 1956) a "Joint Board of Supervisors" of County Soil Conservation Districts of Hickman, Graves, Carlisle and Fulton Counties on June 23, 1956, formally declared, upon a petition filed June 1, 1956, and after a public hearing upon due notice, the need for the creation of the "Obion Creek Watershed Conservancy District." The description of the district is broad and general. It embraces a watershed of 202,- 000 acres lying betwen the town of Cuba, in Graves County, and the Mississippi River.

On July 21, 1956, a referendum election was held on the proposition of establishing the conservancy district. KRS 262.725. There were 168 votes cast for and two against it. The organization of the district with a board of directors followed.

On March 30, 1959, the directors levied a tax of five mills (.005) on each dollar of the fair cash value of the property within the district. Upon certification to the respective counties the tax was included in the tax bills to be collected by the respective sheriffs.

This action was instituted by a number of citizens and taxpayers within the area of the district on October 1, 1959, against appropriate parties seeking to have the court declare (1) the statute unconstitutional, and (2) the tax levy void. Injunctive relief was prayed, but as no temporary or interlocutory injunction was sought, the taxes were collected and the development of the project has proceeded.

I.

■ The plaintiffs alleged several grounds of unconstitutionality, but as appellants they contend only that the statute grants or permits the exercise of arbitrary power, hence, offends § 2 of the Constitution. Specifically, it is claimed there is no redress or right of appeal from arbitrary or capricious action by the officers of the

Watershed Conservancy District with respect to the inclusion or detachment of property upon which taxes may be levied and to the rate thereof.

In support of the argument the appellants rely on Williams v. Wedding, 165 Ky. 361, 176 S.W. 1176. The case concerned an Act of 1912 (Ch. 132) which provided for establishing and functioning of drainage districts. The court held invalid a part of the act which, in effect, denied a hearing and an appeal by property owners of assessments of property and levy of taxes by the managing board of the district. The ground was that the provision authorized arbitrary action and deprived the owners of their property without due process of law. The present statute is different. It provides that the assessment of property for taxation to develop and support the Watershed Conservancy District shall be the assessment made by the county tax commissioners as equalized by the State Department of Revenue. KRS 262.765, 262.-760. Ample remedies for overassessment of property are made available by the statutes relating thereto. The present statute authorizes a tax levy sufficient to meet the budget of the district not to exceed five mills upon the dollar of valuation. KRS 262.760. Thus, the taxing power is limited.

With respect to the inclusion or detachment of property, it may be said that the courts are always open for redress against the exercise of arbitrary power by administrative officials which may result in injury to any person. § 14, Kentucky Constitution.

We do not think there is any merit in the appellants' contention with respect to unconstitutionality of the act.

## II.

The attack upon the formation of the Obion Watershed Conservancy District is two-fold: (1) defective organization and (2) invalid referendum election.

The circuit court indicated the view that all preliminary proceedings were terminated and merged in the favorable public referendum. The appellees affirm that position. The court regarded the complaint, at least in part, as being the contest of an election, for which a special procedure is provided in KRS 122.140, and as constituting a collateral attack upon the election, which action may not be maintained except where the election was void for want of authority of the court or body which called it. Cary v. Simpson, 239 Ky. 381, 39 S.W. 2d 668; Hessler v. Garner, 266 Ky. 507, 99 S.W.2d 461; Ray v. Spiers, 281 Ky. 549, 136 S.W.2d 750. The appellants contend their action is not an election contest and the referendum was but a step in or an incidence of the whole procedure, and fatal defects in the organization of the District revealed in the records rendered it void.

We believe that on the whole the appellants' view as to the character of their action is sound. See Elliott v. Garner, 140 Ky. 157, 130 S.W. 997; Gregory v. Franklin-Simpson County Board of Ed., 302 Ky. 404, 194 S.W.2d 961. But their complaint with respect to insufficiency of the notices of the election and the form of a ballot must be regarded as of a character that could only have been presented in an election contest under KRS 122.140, which prescribes the time and the procedure for contesting a referendum on a public question. Cary v. Simpson, 239 Ky. 381, 39 S.W.2d 668. Those conditions and terms concededly were not observed. However, if the proceedings were so defective as to require a decision of invalidity, then, of course, the election was ordered and held by only a putative body and was of no effect.

This leads back to the consideration of the formation of the District as a public corporation. On this phase of the case the appellants contend that the records reveal that there was never a lawful organization.

The statutes, KRS 262.700 et seq. particularly define the conditions for the formation of a watershed conservancy district and prescribe certain steps to be taken. The circuit court found as a fact that the several statutory procedures had been substantially observed. We think the finding is supported by the evidence.

There is a mixed question of law and fact that is important and basic, and demands special consideration. It is the sufficiency or definiteness of the description of the boundary or area contained in the order of the joint board of supervisors setting up the district.

The statute requires that the land embraced in such a district shall be contiguous and lie within a well-defined watershed, excluding the boundaries of any city or town, lands within another conservancy district and within a soil conservation district. KRS 262.705. It is incumbent upon the organizing body to "define, by metes and bounds or by legal subdivisions, the boundaries of the district." KRS 262.-720(2).

The area of the Obion Creek Watershed Conservancy District was described and defined as follows:

"All the lands lying within the watershed of said Obion Creek, excluding town lots within the incorporated towns and unincorporated villages of the above named counties. The Obion Creek drainage area which rises in Graves County in the vicinity of Cuba, Kentucky, and flows northwest, west and then southwest to its confluence with the Mississippi River near Hickman, Kentucky. Of a total watershed of 202,000 acres, approximately 102,000 acres are in Hickman County, 60,000 acres in Graves County, 28,000 acres in Carlisle County and 4,000 acres in Fulton County.

"There are approximately 145 miles of main and tributary channels. Excluded therefrom are all lands and territories inluded in any incorporated city or town."

██ The description is definite as being the watershed of Obion Creek, its source and general meanderings to its mouth and its tributaries. It is also definite as to the estimated acreage lying in each of the four counties. It does not, however, define the area "by metes and bounds" in the conventional or usually accepted sense. The generally accepted meaning of that term is the boundary lines and corners of a piece of land with their terminal points and angles. Bouvier's Law Dictionary; Ballentine's Law Dictionary. We take this from 27 Words and Phrases p. 239:

"'Metes and bounds' means the boundary line or limit of a tract, which boundary may be pointed out and ascertained by rivers and objects, either natural or artificial, which are permanent in character and erection, and so situated with reference to the tract to be described that they may be conveniently used for the purpose of indicating its extent. The metes and bounds of a tract are as definitely fixed by locating its center line and naming the width of the tract as if the lines of its true boundary had been given by acres and distances, and the description thus given would in such a case prevail over a description given by acres and distances. People v. Guthrie, 46 Ill.App. 124, 128; U. S. v. 5.324 Acres of Land, D.C.Cal., 79 F. Supp. 748, 755."

██ In locating lines or boundaries of land, it is a familiar rule that "monuments"—including streams and other natural objects—are superior to all other calls in a description. We have had many broad descriptions in old land grants and patents that were equally as general as the present one, but none have ever been declared void on account of indefiniteness.

 The establishment of these water conservancy districts is "for the purpose

of developing and executing plans and programs relating to any phase of conservation of water, water usage, flood prevention, flood control, erosion prevention and control of erosion, floodwater and sediment damages." KRS 262.700. Considering the general purpose and the contemplated magnitude of the area, the term "watershed" is the overriding admeasurement, and the statute in respect to outlining the area should be construed liberally to accomplish the objective. Compare Curtis v. Louisville & Jefferson Co. Met. Sewer District, Ky., 311 S.W.2d 378, op. cit. 382. Here, there was a substantial compliance with the directive of the statute. It is noted there is a provision for the later detachment of any lands which cannot be benefited by their inclusion in the district. KRS 262.785.

In finding the boundary of the Obion Creek Watershed District sufficiently definite to meet the requirements of the statute, the learned trial court said:

> "It is within the knowledge of the court and all reasonable persons that a farmer or one occupying farm lands in a relatively small area as that comprising the watershed of Obion Creek is well aware of the direction in which his land drains or whether or not it drains into one particular creek or another. These matters address themselves to general knowledge and sound reasoning by all thinking individuals. The court is well aware that there may be conflict as to the exact location of the line between adjoining owners; however, in the hands of trained individuals with proper instruments, all such points can be accurately determined, and the same would be true as to the exact location of a dividing line of a watershed. It can be located generally by any sound thinking individual and can be located with accuracy and particularity by a person trained in the field of engineering."

This is the application of the old legal phrase, "That is certain which can be made certain." The maxim allows great liberality in the matter of description of land. Ken-Tex Exploration Co. v. Conner, Ky., 251 S.W.2d 280.

It is noted that none of the appellants have claimed their property could not be identified as being within the watershed of Obion Creek.

We concur in the finding of the trial court that the boundary and area of the District are defined with sufficient certainty.

On the whole case we are of opinion the judgment should be and it is

Affirmed.