**Mr. and Mrs. Landon WOOLSLEY, Appellants,**

**v.**

**BIG REEDY CREEK WATERSHED et al., Appellees.**

Court of Appeals of Kentucky.

May 29, 1964.

Rehearing Denied Nov. 13, 1964.

J. Granville Clark, Russellville, for appellants.

Bennett B. Bratcher, Morgantown, for appellees.

CULLEN, Commissioner.

Landon Woolsley and wife, owners of land in the Big Reedy Creek Watershed Conservancy District, brought action against the district and its officers seeking to enjoin the defendants from collecting taxes, expending money, or carrying out a proposed watershed work plan. Judgment was entered dismissing the action on the ground that the complaint and amended complaint failed to state a claim on which relief could be granted. The Woolsleys have appealed.

The Woolsleys' pleadings alleged in broad generalities that the collection and expenditure of taxes by the district in some unspecified way violated the constitutional rights of the plaintiffs and was in violation of the law; that the district was not established according to law; and that the proposed work plan was not feasible or legal. We think the action should have been dismissed because the pleadings did not give fair notice of the nature and basis of the alleged claim. See Clay, CR 8.01, Comment 3, page 129. However, the trial court treated the pleadings as permitting the assertion of specific grounds of illegality and unconstitutionality and, in a liberal mood, we shall do the same.

The Woolsleys' first claim is that KRS 262.730, providing that "owners of lands" lying within the area of a proposed district are eligible to vote in a referendum on the question of creating a district, is capable of being construed so as to permit multiple owners of a small tract to outvote a single owner of a large tract, with result-

ing denial of equal protection of the law and due process. They argue that even if not so construed the language is arbitrary and vague.

There is no suggestion by the Woolsleys that there is or was any multiple ownership situation in connection with the Big Reedy Creek Watershed. Constitutional questions are not to be dealt with abstractly and the courts will not consider constitutionality of a statute unless such consideration is necessary to the determination of a real and vital controversy between litigants. Stein v. Kentucky State Tax Commission, 266 Ky. 469, 99 S.W.2d 443. The Woolsleys are posing only a hypothetical question which is not a justiciable claim.

The second claim is that the referendum on the question of creating the district was held on a day other than the day of a regular election and that this violated Section 171 of the Kentucky Constitution. The latter section has reference only to state-wide referendums on acts passed by the legislature classifying property for tax purposes, and it has no application to the kind of referendum here involved.

The third claim is that the Woolsleys' land lies above the dam that the district proposes to build and will not be benefited by it, with the result that to tax the Woolsleys for construction and operation of the dam would amount to taking their property for private use. The statute, KRS 262.785, provides a procedure by which property may be detached from a district if it has not been, is not, and cannot be benefited by inclusion in the district. The Woolsleys do not allege that they have sought that remedy. Furthermore, they do not show that their property will not be benefited through a general enhancement of values in the district, which benefit has been held to be a sufficient basis for imposing a share of the cost of a watershed improvement project. See Curtis v. Louisville & Jefferson County Metropolitan Sewer District, Ky., 311 S.W.2d 378.

The fourth claim is that the proposed work plan of the district is "not feasible". This falls far short of alleging such arbitrariness as to warrant redress to the courts. See Forrester v. Terry, Ky., 357 S.W.2d 308. However, regardless of that, the only assertion of lack of feasibility is that the plan will cost much more than can be financed through the tax of 50 cents per hundred dollars authorized by KRS 262.760. This argument overlooks the fact that under KRS 262.750 bonds may be issued, and the necessary tax levied to retire the bonds, upon a referendum. So the claim of lack of feasibility has no merit

In our opinion the action properly was dismissed.

The judgment is affirmed.

PALMORE, J., not sitting.