**COMMONWEALTH of Kentucky, Appellant,**

v.

**William B. BEASY, Jr., d/b/a Dub's Fried Oyster Place, and James Whitson, d/b/a The Corner Restaurant, Appellees.**

Court of Appeals of Kentucky.

Jan. 29, 1965.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, Eugene H. Alvey, Director of Law, Bernard S. Goldstein, Asst. Director of Law, Louisville, for appellant.

Wilton R. Long, Jr., Jack M. Lowery, Jr., Louisville, for appellees.

CULLEN, Commissioner.

This appeal raises the question of the validity of an ordinance of the City of Louisville prohibiting discrimination in service, in places of public accommodation, on account of race, color, religious beliefs, ancestry or national origin.

William B. Beasy, Jr., doing business as Dub's Fried Oyster Place, and James H. Whitson, doing business as The Corner Restaurant, were brought before the police court on warrants charging them with violating the ordinance in refusing to serve food to Negroes. The police court dismissed the charges on the ground that the ordinance violated Sections 1 and 2 of the Kentucky Constitution and Section 14 of the United States Constitution.

The Commonwealth appealed both cases to the Jefferson Circuit Court. The Beasy case was assigned to the Judge of the First Division of the Criminal Branch and the Whitson case was assigned to the Judge of the Second Division of the Criminal Branch. The judge presiding over the Beasy case held that the ordinance was valid but that Beasy had been placed in jeopardy in the police court and therefore could not be retried in the circuit court. The judge presiding over the Whitson case held that the ordinance was unconstitutional.

The Commonwealth has appealed to this Court from both judgments, utilizing an agreed statement as provided for in RCr 12.72. The agreed statement recites that the "sole issue and point relied upon by Appellant is that said Ordinance is not violative of the provisions of the Constitution of Kentucky."

■ Since the judgment in the Beasy case held the ordinance valid, and since the only point raised on appeal is that the ordinance is valid, there is no justiciable question presented to us in the Beasy case and the judgment in that case must be affirmed.

In the Whitson case the circuit judge held the penal provisions of the ordinance invalid on the ground that they violated Sections 2 and 26 of the Kentucky Constitution. It was the opinion of the circuit judge that the grant of authority by the legislature to cities, in KRS 82.210 and 82.250, to enact penal ordinances prohibiting discrimination in places of public accommodation, constituted an invalid attempt to delegate to municipalities legislative power contrary to the public policy of the state as declared in KRS 19.010 to 19.050; that cities do not have inherent police power but have only such police power as has validly and specifically been delegated to them by the state; and that the ordinance here in question violates constitutional rights of property and of contract.

■ We shall pass for the moment the various questions raised concerning limitations upon the police powers of cities and shall consider the fundamental question of whether an enactment of the kind here involved violates constitutional rights of property or contract, such as those guaranteed by Sections 1, 2, 13, 25 and 242 of the Kentucky Constitution. In our opinion the question is no longer open for debate; the validity of such enactments has firmly been established.

Although the decision in Heart of Atlanta Motel v. United States, 85 S.Ct. 348, upholding the Federal Civil Rights Act of 1964, was based primarily on the Commerce Clause, the opinion contains these significant statements:

"Nor does the Act deprive appellant of liberty or property under the Fifth Amendment. * * *"

"There is nothing novel about such legislation. Thirty-two States now have it on their books either by statute or executive order and many cities provide such regulation. Some of these Acts go back four-score years. It has been repeatedly held by this Court that such laws do not violate the Due Process Clause of the Fourteenth Amendment. * * *"

"As we have pointed out, 32 States now have such statutes and no case has been cited to us where the attack on a state statute has been successful, either in federal or state courts. * * * As a result the constitutionality of such state statutes stands unquestioned. * * *"

"* * * Likewise in a long line of cases this Court has rejected the claim that the prohibition of racial discrimination in public accommodations interferes with personal liberty. See District of Columbia v. John R. Thompson Co., 346 U.S. 100, 73 S.Ct. 1007, 97 L. Ed. 1480 (1953), and cases there cited, where we concluded that Congress had delegated law-making power to the District of Columbia 'as broad as the police power of a state' which included the power to adopt a 'law prohibiting discriminations against Negroes by the owners and managers of restaurants in the District of Columbia.' [346 U.S.] At 110, 73 S.Ct. at 1013. Neither do we find any merit in the claim that the Act is a taking of property without just compensation. The cases are to the contrary. * * *"

We shall now consider the contention that a Kentucky municipality does not have power to enact penal legislation prohibiting discrimination in places of public accommodation. Several arguments are advanced to support this contention

■ The first argument is that the 1960 Act (KRS 19.010 to 19.050) creating a State Commission on Human Rights constitutes a declaration of public policy of the state against the use of penalties to enforce integration, because the Act states specifically that the Commission shall have no authority to promulgate rules or regulations, nor to execute any law or regulation, nor to do any act, designed to force integration of any privately owned business. We find no merit in this argument. The mere fact that the state legislature chose not to give enforcement powers to the Commission does not amount to a declaration of policy against the concept of compulsory integration. At the most it means that the state was not of a mind at that particular time to enact a penal anti-discrimination statute

The second argument is that the Act of 1962 (KRS 82.210 to 82.250) specifically granting authority to cities to enact penal ordinances prohibiting discrimination in places of public accommodation is invalid because of a defective title, and that without a valid specific grant of such authority Louisville had no power to enact such an ordinance.

■■ The sufficiency of the title of the 1962 Act is debatable, but we do not consider it necessary to decide the question because in our opinion Louisville had adequate police power under the general charter for cities of the first class, particularly KRS 83.010, to enact a penal anti-discrimination ordinance. In Fowler v. Obier, 224 Ky. 742, 7 S.W.2d 219, it was held that the police power granted by charter to cities of the first class is as broad as the police power of the state. To the same effect are Maupin v. City of Louisville, 284 Ky. 195, 144 S.W.2d 237, and City of Louisville v. Louisville Automobile Club, 290 Ky. 241, 160 S. W.2d 663. Since Louisville had power to enact the ordinance under KRS 83.010 it makes no difference whether or not the 1962 Act is valid.

■ The appellees maintain that the ordinance constitutes special legislation in violation of Section 59 of the Kentucky Constitution because it applies only to places of business offering services or facilities to the general public. It is our opinion that the classification made by the ordinance has a reasonable and rational basis in the light of the purpose and objective of the ordinance. It is a matter of common knowledge that the major problem of discrimination is in the area of public accommodations. In most other areas no need has arisen for penal legislation.

■ The contention is made that the ordinance is invalid because it provides that the City Director of Law shall prosecute violators of the ordinance, whereas KRS 69.430, which creates the elective office of Prosecuting Attorney of the Police Court, states that in all cases coming before the Police Court the prosecuting attorney shall represent the commonwealth or the city.

It is our opinion that under the statute the prosecution must be conducted principally by the prosecuting attorney or his assistant, and that to the extent that the ordinance purports to exclude the prosecuting attorney from his prosecuting authority, or to vest in the city law director the power to determine when, if and under what circumstances violations will be prosecuted, it is invalid. However, the invalidity of this portion of the ordinance does not require that the entire ordinance be held void. Applying the test of severability set forth in KRS 446.090 (which although in terms is applicable only to statutes we think should be equally applicable to ordinances), we find that the remaining portions of the ordinance are not so essentially and inseparably connected with and dependent upon the invalid part, or so incomplete and incapable of standing alone, as to make it apparent that the board of aldermen would not have enacted the remaining parts without the invalid part.

It is argued that the ordinance does not apply to taverns and bars. This presents purely an academic question because there is a stipulation in the record that the Whitson place is "a restaurant only" and the record contains nothing to show that the Beasy place is anything but a restaurant.

Attack is made on a provision of the ordinance prohibiting a business proprietor from displaying or circulating any notice, sign or advertisement to the effect that the patronage of any person is unwelcome, objectionable, or not acceptable, desired or solicited on account of his race or religion. Again this raises only an academic question because there was no charge against Beasy or Whitson of violating that provision.

Attack also is made on a provision of the ordinance authorizing the bringing of a suit for injunction against a continual offender. This question too is academic, because the injunction provision has not been invoked in this case.

■ Constitutional questions are not to be dealt with abstractly and the courts will not consider constitutionality of a legislative enactment unless such consideration is necessary to the determination of a real and vital controversy between litigants. Woolsley v. Big Reedy Creek Watershed, Ky., 383 S.W.2d 135.

This opinion is to be considered as passing upon only the constitutional questions properly and specifically in issue on this appeal.

The judgment for Beasy is affirmed. The judgment for Whitson is reversed.