Sargeant John T. SPELLMAN on his own behalf and on behalf of the class of individuals similarly situated being Jefferson County Police Officers, Fraternal Order of Police, Lodge No. 14, Appellants,

v.

**FISCAL COURT OF JEFFERSON COUNTY, Appellee.**

Court of Appeals of Kentucky.

Oct. 13, 1978.

Rehearing Denied Dec. 8, 1978.

Richard J. Frockt, Karen A. Carter, Frockt & Klingman, Louisville, for appellants.

Donald R. Erler, Eugene L. Mosley, Louisville, for appellee.

Before HOWARD, HOWERTON and PARK, JJ.

HOWERTON, Judge.

Appellants brought this action seeking damages against the fiscal court for failure to pay them wages for "on-call" time. The trial court denied appellants' request for a jury trial and found in favor of the Jefferson County Fiscal Court.

Appellants are police officers who were involved in extra duty during the busing demonstrations in Jefferson County in the fall of 1975. The officers worked 12-hour shifts, 7 days a week, for a period of approximately 2 weeks. Additionally, from September 4 through September 30, and on

weekends through November, the officers were required to be reachable by telephone and able to arrive at a police substation within 30 minutes if an emergency arose.

Two issues are raised on appeal: (1) whether appellants were entitled to a jury trial; and (2) whether the court erred in concluding that KRS 337.285 and 803 KAR 1.065 § 3, § 4 did not cover the so-called "on-call" time, thereby precluding the additional pay.

■ Appellants requested a jury trial in their complaint. Prior to trial, appellee moved the court to deny the request for a jury trial, which the court did, without giving any reasons for doing so. In *Whitfield v. Cornelius,* Ky.App., 554 S.W.2d 870, 871, (1977), this Court held:

> The fundamental right to a trial by jury, when a proper demand is made, is recognized by the Kentucky Constitution in Section 7, and incorporated into the Kentucky Rules of Civil Procedure, Rule 38.01. Civil Rule 39.01 gives the trial judge a limited discretion to remove a case from a jury in certain special instances only. CR 39.01(3) permits the trial court on its own motion to deny a jury trial where because of the peculiar questions involved, or because the action involves complicated accounts, or a great detail of facts, it is impracticable for a jury intelligently to try the case. The trial judge does not have broad and unlimited discretion to deny a proper jury demand. Such discretion must be exercised in strict conformity to the Civil Rules. The trial court's findings must be supported by the evidence and must give substantial reasons for the exercise of such discretion.

We believe the trial court erred by denying the request for a jury trial.

■ However, we find the error to be harmless. Even if we accept appellants' rendition of the facts most favorably to their argument, we must conclude that a directed verdict for the appellee would have been proper. The pertinent sections of 803 KAR 1:065 provide that employees shall be compensated while "on-call", if they are so restricted as not to be able to use their time effectively for their own purposes. The regulation also provides that "an employee who is not required to remain on the employer's premises, but is merely required to leave word at his home or with company officials where he may be reached is not working while 'on-call'." Appellants allege that there were discrepancies among individuals as to what limitations they were under. However, it is clear that the Police Chief only directed that the men be capable of being reached by telephone and be able to report to a police substation within 30 minutes. While these restrictions placed some limitations on the policemen, it should be noted that policemen are considered under duty to respond as policemen 24 hours a day. The position of police officer must be the individual's primary occupation. Even under normal circumstances, policemen have certain limitations placed upon them. We recognize that the order prevented some policemen from leaving the Louisville area on long breaks for recreational trips or second jobs, but we must nevertheless conclude that the order was not so restrictive as to require additional compensation under the statute or regulation.

The trial court relied upon *Aldridge v. United States,* 479 F.2d 1365, 202 Ct.Cl. 365 (1973). In *Aldridge,* the court faced a similar situation where policemen were limited in the free use of their off-duty time. Policemen in the Panama Canal Zone were put "on-call" during a period of civil disturbances. The policemen in the Canal Zone were limited to the geographical boundaries of their district, and they had to be within reach by telephone at all times. The regulations applicable in the Canal Zone are also similar to the Kentucky regulations. The Canal Zone police were not on compensable time. We believe the reasoning in *Aldridge* is sound, and the trial court's reliance on *Aldridge* was well-founded.

The facts of this case make it clear that even if the trial court had allowed the case to be heard by a jury, the appellee would have been entitled to a directed verdict. Therefore, we affirm the judgment of the circuit court.

All concur.