Thomas PUCKETT, William Hartley, Roger Black, Roy Wilson, Ted Woodly and Brenda Devers, Movants,

v.

Pam MILLER, Bob Babbage, Ann Ross, Edgar Wallace, John Wigginton, James Gardner, Anne Gabbard, Gene Tichenor, J.H. Combs, Joby Gastineau, David Bunnell, William Rice, Barkley Blevins, Scotty Baesler, John P. McFadden, Tom Fields and Carole Jackson, Respondents.

No. 90–SC–662–DG.

Supreme Court of Kentucky.

Dec. 19, 1991.

As Amended Jan. 15, 1992.

Ronald L. Green, Boehl, Stopher, Graves & Deindoerfer, Lexington, for movants.

Edward W. Gardner, Theresa L. Holmes, Dept. of Law, Lexington–Fayette Urban County Government, Lexington, for respondents.

LAMBERT, Justice.

In this declaratory judgment action brought by certain officers of the Lexington–Fayette Urban County Police Force, six regulations found in General Order No. 73–15/E are challenged as being in violation of KRS 95.015 and KRS 61.310(4) and the Fourteenth Amendment to the Constitution of the United States and Section 2 of the Constitution of Kentucky. The trial court found no violation and the Court of Appeals affirmed. This Court granted discretionary review and as hereinafter set forth, affirms in part and reverses in part.

In 1983, the Urban County Council approved an ordinance which directed the Division of Police to promulgate and enforce certain regulations which restricted the rights of police officers to engage in off-duty employment. In general and for purposes of discussion, these regulations provide that (a) officers wishing to become or who are currently engaged in off-duty employment must obtain prior written approval of the Chief of Police, (b) employment is prohibited in a job which requires the officer to sell, dispense or serve alcoholic beverages, (c) employment as a bouncer or security guard is prohibited in establishments which have as their primary business the sale of alcoholic beverages, (d) employment is prohibited for employers with a reputation for involvement in criminal activity, (e) Workers' Compensation and general liability insurance is mandatory if the officer's off-duty employment may require the use of police authority, and (f) indemnification of the Urban County Government is required for claims arising as a result of off-duty employment.

STATUTORY CLAIMS

For their contention that the foregoing regulations are invalid, appellants rely upon KRS 95.015 and KRS 61.310(4) which are as follows:

"KRS 95.015. Rights and duties of police and fire fighters.—Members of the police and fire departments in cities and urban-county governments shall abide by and adhere to the rules, regulations and laws set forth by the Kentucky Revised Statutes, and the legislative body of the city in which they are employed, provided, that no such rule, regulation or law shall apply that alters, abridges or otherwise restricts the constitutional rights of said members and said members, except when on duty, shall not be restrained from exercising their rights and privileges or from entering into any endeavor enjoyed by all other citizens of the city in which they reside."

"KRS 61.310(4) A peace officer may, while in office, and during hours other than regular or scheduled duty hours, act in any private employment as guard or watchman or in any other similar or private employment. However, he may not participate directly or indirectly, in any labor dispute during his off-duty hours. Any peace officer who violates this subsection may be removed from office, under the provisions of KRS 63.170."

Appellants first contend that the courts below ignored the language of the statutes in upholding the General Order. They

point to the statutory provision which guarantees police officers a right to engage in "any endeavor enjoyed by all other citizens of the city in which they reside" (KRS 95.015) and the provision which expressly authorizes police officers to "act in any private employment as guard or watchman or in any other similar or private employment" (KRS 61.310(4)). Appellee responds that the statutes merely establish the right of police officers to engage in off-duty employment, but do not prohibit the Urban County Government from regulating such employment to prevent conduct which violates departmental policy.

This Court's decision in *Commonwealth v. Do, Inc.*, Ky., 674 S.W.2d 519 (1984), is our most recent pronouncement on the issue at hand. The issue was whether a county board of health code was in conflict with a statute dealing with the same subject matter. We stated that the mere existence of a state statute dealing with the same or similar subject did not prohibit local governments from establishing additional requirements so long as there was not an actual conflict. We noted that "local police power may operate on the same subject matter to supplement the general law by providing for additional reasonable requirements." *Id.* at 521–522.

■ It is widely recognized that the rights of public employees may be abridged in the interest of preventing conflicts with official duties or promoting some legitimate interest of the governmental employer. In *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976), the Supreme Court held that a police regulation relating to hairstyle was a rational means of pursuing an overall need for discipline, *esprit de corps* and uniformity. The Court rejected an argument that the government must show a "genuine public need" and held that the party challenging the regulation must show that there is "no rational connection between the regulation, based as it is on the county's method of organizing its police force, and the promotion of safety of persons and property." 425 U.S. at 247, 96 S.Ct. at 1446. The local government was granted broad discretion to make

and enforce regulations which it deemed to be in furtherance of its duty to enforce state and local laws. Such was held to be sufficient justification to defeat the Fourteenth Amendment liberty guaranty claim asserted. In *Spellman v. Fiscal Court of Jefferson County*, Ky.App., 574 S.W.2d 342 (1978), the Court of Appeals recognized that a regulation which required police officers to be able to report within thirty minutes amounted to a limitation on their right to use off-duty hours as they wished. Nevertheless, the Court held that "the position of police officer must be the individual's primary occupation. Even under normal circumstances, policemen have certain limitations placed upon them." And in *Hopwood v. City of Paducah*, Ky., 424 S.W.2d 134 (1968), a decision which may have influenced enactment of the statutes under review here, this Court quoted with approval from an annotation in 88 A.L.R.2d 1235 as follows:

> "According to the general rule, 'regulations forbidding or regulating outside occupations of policemen or firemen have usually been sustained as valid, the courts generally taking the view that the duties of such officers are peculiarly connected with the public health and safety, so that it is particularly important that they not be subject to outside interests which might conflict with their official duties by diluting their energies, occupying time during which they are at least potentially on call, or involving themselves in situations where they might be motivated to neglect or subvert their official functions.' "

The stated policy of the General Order under review is as follows:

> "In all circumstances, however, a police officer's primary duty and allegiance must remain with the Lexington–Fayette Urban County Division of Police.... But off-duty employment cannot be permitted to create a conflict with an officer's duties as a member of the Division of Police, and cannot be of a kind that would reflect unfavorably on the division."

From this statement, the validity of which is not challenged by appellants, it appears that prevention of conflicts of interest and promoting community respect for the police are at the heart of the regulations adopted. General law clearly recognizes the validity of police department regulations which are designed to prevent conflicts with an officer's private interests. *See* 63A Am.Jur. 2d, "Public Officials and Employees," (1984). The Urban County Government Code of Ethics, Article 16, prohibits public officials and employees from engaging in private matters which are incompatible with their public duties, and in *City of Richmond v. Howell*, Ky., 448 S.W.2d 662 (1969), this Court recognized the right of cities to make and enforce regulations for the management of a police department. We said:

> "In the conduct and management of a police department, the city, like any other business, by necessity, must have rules and regulations and a means of enforcing them." *Id.* at 664.

▉ The first and most difficult category of regulations challenged by appellants are the regulations which generally *prohibit* employment in establishments engaged primarily in the sale of alcoholic beverages and employment on behalf of individuals with reputations for involvement in criminal activity. At the outset, it should not be overlooked that the employment which is prohibited is for only a limited class of employers and that the statutes relied upon by appellants merely create general off-duty employment rights without conferring a right to accept employment in a particular business or industry. We recognize, however, the apparent conflict between the regulations and the statutes, but consider it appropriate to explore the intent of the regulations rather than strictly limit our analysis to the language used.

Prohibition of certain types of employment is one means of preventing conflicts of interest and a decline in community respect for the police. Valid policy requires an officer to give undivided loyalty to the department, refrain from conflicts of interest, and uphold the public image of the police. Most off-duty employment would not contravene this policy and thus would be immune from regulation. Two types of off-duty employment, however, (direct involvement with the sale of alcoholic beverages and employment by persons with a criminal reputation) were determined by the local legislative body to constitute conduct which would inevitably result in a violation of departmental policy; conduct which was inherently conflicting with police duties.

The General Order under review is inartfully drafted and approaches its policy objective with a meat axe instead of a scalpel. Rather than precisely defining the conduct which is contrary to departmental policy and drafting regulations accordingly, the order goes for the jugular and prohibits the employment. Nevertheless, the clear purpose of the order is to prevent conduct which infringes the policy rather than to prohibit the employment. As we view it, prohibition of the subject employment is merely an abbreviated means of expressing otherwise valid regulations and thus does no violence to the statutes. Our conclusion in this respect is reached in part on the view that the General Assembly did not intend to authorize police officers to engage in employment which conflicts with their official duties. KRS 446.080(1). If it is the will of that Body that state law deprive local governments of the right to establish reasonable police regulations, such being in disharmony with general law; and if off-duty police officers shall be permitted to act as bouncers, bartenders, and retail liquor salesmen, the statutes should be written in unmistakable terms.

▉ The next category of challenged regulations is that which requires officers engaged in off-duty employment to provide insurance and indemnity for benefit of the Urban County Government. As earlier demonstrated, local governments may supplement state law with additional local regulations. In no manner can it be said that imposing the requirements of insurance and indemnity prohibits any employment. *Commonwealth v. Do, Inc., supra.* The additional requirements are merely im-

posed to prevent governmental liability arising out of off-duty police employment.

The final regulation which appellants challenge requires an officer wishing to engage in off-duty employment to obtain prior approval from the Chief of Police. We need not determine whether this regulation violates the statutes on the view that it should be reviewed on constitutional grounds.

## CONSTITUTIONAL CLAIMS

Turning to appellants' constitutional claims, it is contended that the regulations at issue abridge rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and Section 2 of the Constitution of Kentucky. Appellants assert that the regulations imposed are unreasonable, arbitrary or capricious, and not rationally related to a legitimate governmental interest. With this view, as hereinafter explained, we firmly disagree.

■ The law is well settled that when a governmental employer has a rational basis for its regulation which is related to a legitimate objective and the restriction on personal liberty does not involve a fundamental right, the regulation will not be invalidated as a violative of the Fourteenth Amendment and Section 2. *Kelley v. Johnson, supra.* Under this standard, we will now review the regulations.

■ Any contention that a police officer has a constitutional right to work for a person with a reputation for involvement in criminal activity borders on the absurd. Nothing would more thoroughly disserve public confidence and other legitimate objectives of a police department than having officers on the payroll of reputed criminals.

On the question of employment in places where the sale of liquor is a primary business, the question of divided loyalty immediately arises. At oral argument the parties acknowledged that in such business establishments, the likelihood of an altercation is much greater than in other businesses. In the event a police officer observes an altercation or other possible criminal activity, a decision must be made whether a criminal violation has occurred and whether an arrest is warranted. Frequently, the decision is not clear-cut and requires the exercise of considerable discretion. In such circumstances, an off-duty officer employed by the proprietor of the business establishment would face a dilemma as to the extent, if any, the officer's duties should be influenced by the command of the off-duty employer. It is a virtual *fait accompli* that official conduct would be influenced by the wishes of the employer. While the foregoing is sufficient to establish a rational basis for the regulations, there are other reasons which include police officer time expended in court appearances on behalf of off-duty employers, and the inconsistency between dispensing alcoholic beverages in one circumstance and enforcing violations of the law relating to such beverages in another. Certainly these regulations do not violate appellants' constitutional rights.

As to the requirements of indemnification and insurance, an argument was made that the regulations result in economic infeasibility. At oral argument, however, it was acknowledged that the record is without any evidence to support such a contention. While this would be dispositive, we observe that local government has a perfectly legitimate interest in avoiding costs which might arise out of a police officer's off-duty employment, and so long as the regulation is rational and in furtherance of this objective, it is not constitutionally infirm.

■ Finally, we turn to a constitutional review of the first of the challenged provisions of the General Order, that which requires an officer wishing to engage in outside employment to obtain prior approval from the Chief of Police. This regulation appears to require prior approval of any off-duty employment by the Chief and requires only a response within five days. The regulation is silent, however, as to any standard by which the Chief must give or may withhold his approval and there is no provision for a hearing to contest the determination made. While an aggrieved officer may appeal to the Mayor, the absence of

evidence and decision-making standards renders this right illusory. Said otherwise, of what value is a right of appeal when there is no evidence or law?

Section 2 of the Constitution of Kentucky declares that "absolute and arbitrary power over the lives, liberty and property of free men exists nowhere in a republic, not even in the largest majority." In *Kentucky Milk Marketing v. Kroger Co.*, Ky., 691 S.W.2d 893 (1985), we held that:

> "No board or officer vested with governmental authority may exercise it arbitrarily .... Section 2 is broad enough to embrace the traditional concepts of both due process of law and equal protection of the law." *Id.* at 899.

Our review of the regulation which confers a right of prior approval on the Chief of Police leads directly to the conclusion that arbitrary power has been granted. The regulation must be invalidated.

## SEVERABILITY

Prior to concluding, we will briefly discuss whether the order before the Court is severable so that the valid portions may be saved and the invalid portion stricken. At oral argument, the parties agreed that the order was severable and this is in conformity with KRS 446.090 and *Commonwealth v. Beasy*, Ky., 386 S.W.2d 444 (1965), a decision which applied the statute to local regulations and held that the entire ordinance was not void merely because a portion of it was invalid. The Court applied the severability test of KRS 446.090 and found that the remaining portions of the ordinance were not so essentially and inseparably connected with and dependent upon the invalid part, or so incomplete and incapable of standing alone, as to destroy the intent of the body enacting the ordinance.

In the instant case, the physical structure of the General Order readily lends itself to severability. The purpose and the policy behind the order are set apart as are the procedures for implementation of the order. The section we hold invalid, the prior authorization requirement, is separate from the general restrictions upon off-duty employment contained in the order. The restrictions are not essentially and inseparably connected with and dependent upon the prior authorization requirement and are complete and capable of standing alone. Severance of the prior authorization provision does not affect the intent of the legislative body in enacting the remainder of the order.

## CONCLUSION

In summary, we uphold the validity of General Order 73–15/E, except that provision which requires an officer wishing to engage in off-duty employment to obtain prior approval from the Chief of Police. Accordingly, the decision of the Court of Appeals is affirmed in part and reversed in part and this cause is remanded to the trial court for modification of its judgment in conformity herewith.

COMBS, REYNOLDS and SPAIN, JJ., concur.

STEPHENS, C.J., concurs in part and dissents by separate opinion in which LEIBSON, J., joins.

WINTERSHEIMER, J., dissents by separate opinion.

STEPHENS, Chief Justice, concurring in part, dissenting in part.

I concur with the majority opinion in finding arbitrary and thus invalid the first provision of General Order 73–15/E, requiring officers to obtain prior written approval from the Chief of Police before obtaining off-duty employment. But I am in disagreement with the majority concerning the seventh provision requirement of indemnification and insurance. Because this provision unreasonably interferes with an officer's statutory right to obtain outside employment as provided under KRS 61.-310(4) and KRS 95.015, it should also be severed from the ordinance, as the majority directed concerning the prior approval requirement. KRS 446; *Commonwealth v. Beasy*, 386 S.W.2d 444 (1965); *City of Owensboro v. Board of Trustees*, 301 Ky. 113, 190 S.W.2d 1005, 1008 (1945).

KRS 61.310(4) and KRS 95.015 permit officers to seek and obtain outside employment during their off-duty hours without restrictions or limitations being imposed by local governmental units so long as it does not interfere with the performance of their official duties. It is unreasonably burdensome to require officers to provide a certificate of insurance establishing that the officer or his off-duty employer has workers' compensation insurance, general liability insurance, and will agree to indemnify the Urban County Government against all losses arising out of their off-duty employment (up to limits of the policy insurance required by the Division of Police.) The city has no liability for injuries incurred outside employment and has no right to indemnity from the officer except where law would otherwise require it.

The General Assembly has granted local police officers the right to obtain off-duty employment within reasonable parameters through KRS 61.310(4) and KRS 95.015. Because the seventh provision unduly inhibits officers from pursuing statutorily protected off-duty employment, it should be severed from the ordinance. KRS 446.090, *Beasy, supra; City of Owensboro, supra.*

Therefore, while I concur with the majority's opinion mandating severance of the first ordinance provision, I also find the necessity to expunge the requirement of indemnification and insurance.

I thus concur in part and dissent in part with the majority opinion upholding the validity of General Order 73.15/E.

LEIBSON, J., concurs in this opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the general order in question violates the police officers' right to due process and equal protection under the law. I believe both orders as now promulgated are unconstitutional and unenforceable.

K.R.S. 95.015 and K.R.S. 61.310(4) relate to the rights and duties of police and firefighters. The majority opinion reaches the conclusion that if it is the will of the General Assembly that state law deprive local governments of the right to establish reasonable police regulations, that statutes at bar should be written in unmistakable terms. The statutes in question, however, are written in unmistakable terms. KRS 95.015 specifically guarantees police officers a right to engage in "any endeavor enjoyed by all other citizens of the city in which they reside." K.R.S. 61.310(4) expressly authorizes police officers to "act in private employment as guard or watchman or in any other similar or private employment."

As to the requirement of indemnification and insurance, the majority opinion concludes that local government has a perfectly legitimate interest in avoiding costs which might arise out of a police officer's off-duty employment so long as the regulation is rational and in furtherance of this objective. The fallacy of the majority reasoning is that an off-duty officer, whether working part time for an employer or simply being off duty, is bound to invoke his police authority if a misdemeanor or felony is committed in the officer's presence. Thus the fact that an officer is employed at the time the misdemeanor or felony is committed is of no consequence for in either case the police authority is invoked if the officer is working as an officer of the Lexington–Fayette Urban County Government.

The majority relies on *Hopwood v. City of Paducah,* Ky., 424 S.W.2d 134 (1968). K.R.S. 61.310(4) was passed by the General Assembly in response to *Hopwood, supra.* It is the clear legislative intent to statutorily overrule the decision of this Court in *Hopwood.* Little, if anything, is gained from trying to readopt the *Hopwood* rationale at this time.

As the author of the majority opinion in *Commonwealth v. Do, Inc.,* Ky., 674 S.W.2d 519 (1984), I believe the majority in this case has misapplied the *Do, supra,* holding. Although that case did discuss the doctrine of preemption, the decision turned on the question of concurrent authority of state and local government. *Do* states in part that the true test of concurrent authority is the absence of conflict. In this case, one aspect of the guidelines

**798**

prohibited an off-duty officer from working as a bouncer or security guard in establishments which serve alcohol as their primary business. However, K.R.S. 61.310(4) specifically provides that an off-duty officer may have private employment as a guard or watchman or in any other similar or private employment. Consequently, the local general order conflicts with K.R.S. 61.-310(4). In case of conflict, the state law is paramount and here it would appear that the state law occupies the field.

There can be no dispute that the regulations in question were enacted for a laudatory purpose and the best of intentions. No one, including the appellants, disputes that the police department has a need to maintain discipline and decorum. The point is that there are ample standards by which officers are judged and disciplined which apply across the board to accomplish this goal. There is no need on the part of the urban county government to deprive its officers of the statutory and constitutional rights premised on the possibility that a problem could develop in a given context. When a specific police officer conducts himself in an improper manner, whether on or off duty, the urban county governmental authorities may invoke the disciplinary process as it does in all other areas of its mission.

I believe this Court has misconceived the fact that the restrictions in question are exceptions to a general grant of a right. In such a situation, the General Assembly has fully addressed and defined the rights of the parties and the specific local legislation attempts to encroach on what the statute grants. As such the local regulations are void.

I would reverse the decision of the Court of Appeals in all respects.