8759

STATE *EX REL.* PIEDMONT MFG. CO. v. GOLDSMITH.

1. CONSTABLES FOR INDUSTRIAL COMMUNITIES—THE SHERIFF has the power under the statutes to summarily remove a peace officer appointed by him for an industrial community without giving him a hearing as to the cause.

2. IN CONSTRUING THE CODE OF LAWS the Court cannot enquire if a reference in one section to another is a mistake and hold that the reference was intended to cite another section.

Before RICE, J., Greenville, October, 1913.    Affirmed.

Action by Piedmont Mfg. Co. on the relation of the State against J. W. Goldsmith and Hendrix Rector, sheriff of Greenville county.    The plaintiff and J. W. Goldsmith appeal.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Power of removal:* 92 S. C. 458; Michem Off., sec. 445; 92 S. C. 485; 23 Ency. 437-8; 21 Am. St. R. 557; 51 Am. St. R. 128; 50 N. J. L. 338; 12 N. E. 107; 87 Am. St. 374; 23 Ency. 234; 3 S. R. 145; 60 Ky. 237; 97 S. W. 887; 78 S. C. 171; 44 Miss. 808; 5 L. R. A. 403; High on Ing., sec. 1315; 54 S. W. 855; 82 Fed. 191; 77 N. W. 841; 138 S. W. 298; 39 So. 631; 44 So. 689; 90 S. W. 335; 84 S. C. 488; Code 1912, 1151, 1149, 1156, 1146, 1472, 1479, 1154. *Construction of Code:* Suth. Stat. Con., secs. 410, 412; Endlich, secs. 35, 319, 302; 109 N. W. 235; 156 Fed. 901; 26 S. E. 511.

*Mr. James H. Price,* contra, cites: *General powers of removal:* 35 Cyc. 1521; 14 S. C. 245; 31 N. W. 645; 4 Mun. 150. *Construction of statute:* 36 Cyc. 1178, 1164; 3 Cyc. 1146; Code 1914, 1149.

March 20, 1914.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This appeal raises the question, whether a sheriff has the right to remove summarily and without cause, a deputy or peace officer appointed by him, upon the recommendation of the proper authorities of a community, under the provisions of the statutes hereinafter mentioned.

The facts are thus stated in the record:

"This action was instituted in the Court of Common Pleas for Greenville county on the 8th of September, 1913, and involves the right of the sheriff of Greenville county, to summarily remove the defendant from the office of deputy sheriff or special peace officer, for the community of Piedmont Manufacturing Company, to which he had been appointed by said sheriff, in the manner provided by law.

"On the 8th of September, 1913, the plaintiff procured an order from Judge Rice, requiring the defendant, Rector, to show cause before him at Greenville on September 13, 1913, why the injunction prayed for should not be granted during the pendency of the action, and in the meantime restraining him, from interfering with the defendant, Goldsmith, in the discharge of his duties as such officer.

"By agreement the hearing before Judge Rice was continued until the 17th day of September, at Anderson.

"On October 2, 1913, Judge Rice filed his decree or order dissolving the injunction and dismissing the complaint, holding that the sheriff had the power of summary removal, upon which judgment has been duly entered.

"The parties have stipulated, that the order of Judge Rice shall be deemed the final judgment in the case, and that the appeal shall lie directly from said order."

In 1898 (Acts of 1898, p. 793) a statute was enacted, entitled "An act to authorize the appointment of officers of the peace, having jurisdiction within industrial communities, containing one hundred inhabitants or more." This statute was amended in 1899, and its provisions were after-

wards embodied in the Code of Laws, 1912, as sections 1149 and 1150, which are as follows:

Section 1149. "Upon a written statement of the president or treasurer, or other executive officer having the management of any industrial corporation, located in any county of this State, setting forth that, in his opinion, the interests of the industrial community and locality under their management, require special police supervision, and that in the said community fifty or more inhabitants are comprised, and directed to the sheriff of said county, it shall thereupon be the duty of the said sheriff to appoint a discreet and suitable person as his deputy, and one satisfactory to the president and treasurer or other executive officer of said corporation requesting the appointment, whose term of office shall expire with the term of the sheriff, unless sooner by him removed; and who shall reside within the community, and upon the property for whose protection he is appointed, and whose salary shall be paid by the corporation, at the instance of whose president or treasurer or other executive officer managing the said corporation the appointment is made, the amount to be fixed by contract with said corporation, acting through its president or treasurer or other executive officer; and whose jurisdiction as its officer shall extend over the property controlled by the said president or treasurer or other executive officer having the management of said corporation, and in addition, over all territory within a radius of one mile from the main building in which the industry of the corporation is operated. Before entering upon the duties of his office, the said deputy shall take the oath prescribed by the Constitution and statutes of the State. The said deputy shall be removed by the said sheriff, and another deputy appointed by him, satisfactory to the said president or treasurer or other executive officer of said corporation, whenever the said president or treasurer or other executive officer shall make a statement in writing to the sheriff of said county, stating that the said deputy is not discharging

his duties to the satisfaction of said president or treasurer or other executive officer, and requesting a change of appointment."

Section 1150. "The said police officer or deputy sheriff shall have, do and exercise all the rights, duties and powers prescribed by law for constables or magistrates, and such powers as are usually exercised by marshals and policemen of towns and cities, and shall also act as a conservator of the peace; shall take into custody and carry before the nearest magistrate any person who may in his view engage in riotous conduct or violation of the peace, and refusing upon his command to desist therefrom; and shall also arrest any person who may in his view commit any felony or misdemeanor, and carry him before a Court of competent jurisdiction; and shall execute any and all criminal process from magistrates' courts, and shall have the power to call to his aid a *posse comitatus* to assist him in the discharge of his duties; and any person refusing to obey his summons shall be liable to indictment and prosecution as for a misdemeanor."

The last sentence in section 1149 was not in the act of 1898, but was added as an amendment by the act of 1899. The statute was also amended in 1901, by adding two additional sections, as follows:

Section 4. "That the person so appointed police officer, under the provisions of this act, shall execute the bond required of constables by section 901 of the Revised Statutes of 1893, vol. I, and shall be subject to the provisions of section 912 of the said Revised Statutes."

Section 5. "That the sheriff of the county shall not be responsible for the malfeasance, nonfeasance or misfeasance of the police officer or deputy so appointed by him under the requirements of this act."

As reference was made to sections 901, Revised Statutes of 1893, for the sole purpose of showing the form in which the bond was to be executed, and to section 912 merely for

the purpose of showing that the deputy was liable for damages on account of oppression in office, wilful official misconduct, etc., it will not be necessary to reproduce them.

Section 1151, Code of Laws, 1912, is as follows: "The person so appointed police officer, under the provisions of section 1149, shall execute the bond required of constables by section 1156, and shall be subject to the provisions of section 1146 of this Code."

Section 1152, Code of Laws, 1912, provides that "neither the sheriff of the county nor the industrial corporation, shall be responsible for the malfeasance, nonfeasance, or misfeasance of said officer, but he and his sureties shall be answerable therefor, on his official bond."

The provision as to section 1156, Code of Laws, 1912, merely has reference to the execution of the required bond, and is immaterial.

Section 1146, Code of Laws, 1912, is as follows: "The sheriff may appoint one or more deputies, to be approved by the Judge of the Circuit Court, or any Circuit Judge presiding therein; and such appointment shall be evidenced by a certificate thereof, signed by the sheriff, and shall continue during his pleasure. He may take such bond and security from his deputy as he shall deem necessary to secure the faithful discharge of the duties of the appointment, but he shall in all cases be answerable for the neglect of duty or misconduct in office of such deputy."

Sections 901 and 912, Revised Statutes of 1893, are embodied in the Code of Laws, 1912, as sections 1472 and 1479.

From the view which we take of the questions under consideration, it is immaterial whether we regard the officer, for whose appointment provision was made by the act of 1898 as a deputy sheriff, subject to all provisions as to deputy sheriffs not inconsistent with said act, or as a separate and distinct officer, for whose powers and duties we must look alone to the act creating the office.

When the act of 1898 was adopted, it showed that it contemplated the removal of the deputy, and the only provision made for such removal, was by the use of the words: "Unless sooner by him removed." This was not the mere recognition of a power that had already been conferred, but was a direct authority to the sheriff to make the removal without placing a limitation upon his power. If the provisions of said act are to be construed in connection with other statutes relating to deputy sheriffs, it will be seen by reference to section 713, Revised Statutes of 1893, that the deputy sheriffs held their office during the pleasure of the sheriff. Upon either of said hypotheses he had full power to remove the officer at his pleasure, and was not required to give him a hearing before exercising his right of removal.

The last sentence in section 1149, Code of Laws, 1912, which was added as an amendment to the act of 1889 by the act of 1898, did not change the sheriff's power of removal, except in so far as it was made his duty to remove the incumbent, upon the request of the executive officer of the corporation for the causes therein stated. Nor did any other amendment have the effect of limiting the sheriff's right of removal.

But there is still another reason why the sheriff was authorized to make the removal in the manner hereinbefore stated.

Section 1151 provides, that "the person so appointed police officer under the provisions of section 1149, * * * shall be subjected to the provisions of section 1146 of this Code."

Turning to section 1146 of the Code of Laws, it provides that the person appointed deputy sheriff shall hold at the pleasure of the sheriff. It can not be successfully contended that section 1146 must be disregarded on the ground that there was a mistake and another section was intended.

The rule is thus stated in *State ex rel. Atty. Gen.* v. *Hagood,* 13 S. C. 46, and quoted with approval in *Bray* v.

*City Council,* 62 S. C. 57: "It can not be claimed that the Court can restate the language of an act, to make it agree with some possible conclusion, as to its intention as affecting the subject matter of the act. The language declaring the intent of an act is as much beyond our power, as the subject to which that declaration relates, and it would violate the principles of law to change the phraseology of a statute to make it conform to the assumed purpose of the lawgiver in any other way than as warranted by the rules of construction." Mr. Cooley, in his Constitutional Limitations, page 71, says: "That which the words declare is the meaning of the instrument, and neither Courts nor legislatures have a right to add to or take away from the meaning."

This view is strengthened by the recent decision in the case of *Nexsen* v. *Ward et al., infra* 313, in which it was held, that the act declaring the Code of Laws of 1912 the only general statutory law of the State was constitutional.

Affirmed.