## 20776

Wilma RIGGS, Respondent/Cross-Appellant, v. LAURENS DISTRICT 56, a body politic and corporate, Dr. Charles L. Cummins, Jr., District Superintendent, and the following members of the Board of Trustees, Dr. W. Fred Chapman, Jr., Chairman of the Board, Richard Swetenburg, Ralsa Fuller, John Adair, Sam Blackmon, Calvin Cooper, and John E. Willingham, all personally, individually, jointly and severally, and the successors in the office of each, Appellants/Cross-Respondents.

(248 S. E. (2d) 306)

*James L. Edwards* and *John R. Ferguson,* Clinton, *for appellant/cross-respondents.*

*Medlock & Davis,* Columbia, *for respondent/cross-appellant.*

October 11, 1978.

NESS, Justice:

Respondent Riggs brought suit against the appellant school district after her employment was terminated at Joanna Elementary School. The trial court ordered Ms. Riggs reinstated with back pay. We reverse.

Ms. Riggs was a teacher at Joanna Elementary School in Laurens District 56 from the fall of 1962 through the 1973-74 school year. In February of 1974, the superintendent informed Ms. Riggs it would be necessary to transfer her to the Bell Middle School, within the district, due to decreased enrollment at Joanna. Respondent was selected for the transfer because she had less seniority among the white teachers at her level and it was thought advisable to transfer a white rather than a black in order to satisfy HEW requirements.

Ms. Riggs declined to accept the offer to transfer to the Middle School. Her decision was based on personal reasons, the primary one being that she liked her position at Joanna. It is clear the transfer would have precipitated no loss of benefits or decrease in salary.

Ms. Riggs tendered a statement declaring her intention to resign from the school district unless she could remain at Joanna. Re-employment was refused on those terms and her resignation was accepted.

The trial court concluded appellant induced Ms. Riggs to breach her contract and that 42 U.S.C. § 1981 was violated because of reverse discrimination against Ms. Riggs. We disagree.

Ms. Riggs had no vested contractual right to be employed at the Joanna Elementary School. The school district was not bound, contractually or otherwise, to grant respondents personal wish to remain at Joanna. Appellant fulfilled any obligation it may have had to Ms. Riggs by offering her alternative employment within the district at no loss of salary or benefits.

The trial court also erred in holding that the school district violated 42 U. S. C. § 1981. Even if race were a motivational factor in the superintendent's decision to transfer Ms. Riggs, the fact remains that respondent was not *denied* employment because of her race. A viable employment alternative was offered to Ms. Riggs, but for personal reasons, she declined to accept.

We hold that respondent Riggs had no vested contractual right to be employed at the school of her choice. Accordingly, the order of the trial court is reversed.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.