20919

Gregory RHODES, Appellant, v. Larry SMITH, Respondent.
(254 S. E. (2d) 49)

*Ronald R. Hall* and *Jack F. McGuinn,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Staff Atty. Robert D. Cook,* Columbia, and *Thomas W. Whiteside,* Spartanburg, *for respondent.*

March 21, 1979.

NESS, Justice.

This appeal is from an order granting a demurrer in favor of respondent Smith. We affirm.

Appellant Rhodes was employed as a deputy sheriff for Spartanburg County approximately two years ago. At that time he also worked at a local steak house which sold alcoholic beverages. Subsequently, respondent Smith was elected sheriff and promulgated a regulation prohibiting employees of the sheriff's office from "moonlighting" in establishments licensed to sell alcoholic beverages. When appellant failed to terminate his employment at the steak house, Sheriff Smith discharged him.

Appellant brought this action against Smith, alleging breach of contract and violation of his constitutional and civil rights. The trial judge concluded appellant's complaint failed to state a cause of action, and granted respondent's demurrer. We concur.

Similar regulations have withstood constitutional attack elsewhere. See *McCarthy v. Philadelphia Civil Service Commission,* 424 U. S. 645, 96 S. Ct. 1154, 47 L. Ed. (2d) 366 (1976); *Detroit Police Officers Association, et al. v. City of Detroit, Michigan,* 385 Mich. 519, 190 N. W. (2d) 97 (1971); affirmed 405 U. S. 950, 92 S. Ct. 1173, 31 L. Ed. (2d) 227 (1972); *O'Brien v. DiGrazia,* 544 F. (2d) 543 (1st Cir. 1976); *Kannisto v. City and County of San Francisco,* 541 F. (2d) 841 (9th Cir. 1976); *Earwood v. Continental Southeastern Lines, Inc.,* 539 F. (2d) 1349 (4th Cir. 1976).

Regulations prohibiting *all* outside employment have been upheld. See *Flood v. Kennedy,* 12 N. Y. (2d) 345, 239 N. Y. S. (2d) 665, 190 N. E. (2d) 13 (1963); *Cox v. McNamara, et al.,* 8 Or. App. 242, 493 P. (2d) 54 (1972), cert. den. 409 U. S. 882, 93 S. Ct. 169, 34 L. Ed. (2d) 137 (1972). In *Croft v. Lambert,* 228 Or. 76, 357 P. (2d) 513 (1960), where an all-inclusive moonlighting provision was attacked on constitutional grounds, the court stated:

"In the absence of any legislative statement . . . the sheriff, like a private employer, may impose working conditions in his discretion . . . He is potentially liable for errors and omissions by certain of his employees . . . He must be on guard against conflicts of interest in law enforcement . . ." 357 P. (2d) at 515.

Moreover, it is well settled in South Carolina that a deputy sheriff serves at the sheriff's "pleasure." Code § 23-13-10 (1976) provides:

"The sheriff may appoint one or more deputies to be approved by the judge of the circuit court . . . Such appointment shall be evidenced by a certificate thereof, signed by the sheriff, *and shall continue during his pleasure.*" (Emphasis supplied.)

See also *Barksdale v. Posey,* 2 Hill 647 (1835); *State v. Goldsmith,* 96 S. C. 484, 81 S. E. 147 (1914); Op. Atty. Gen., No. 4210, p. 255 (1974-75).

Appellant contends that Code §§ 8-17-110 *et seq.*, providing for a county and municipal employees grievance procedure, is a limitation on the previously unbridled "pleasure" of the sheriff. We disagree.

Statutes of a specific nature are not to be considered as repealed by a later general statute unless there is a direct reference to the former statute or the intent of the legislature to repeal the earlier statute is implicit. *State v. Brown,* 154 S. C. 55, 151 S. E. 218 (1930) ; *State v. Harrelson,* 211 S. C. 11, 43 S. E. (2d) 593 (1947) ; *Culbreth v. Prudence Life Insurance Company,* 241 S. C. 46, 127 S. E. (2d) 132 (1962). Appellant concedes that Title 8 contains no direct reference or implication that it supercedes Title 23. Therefore, a deputy sheriff in South Carolina serves at the "pleasure" of the sheriff.

Respondent's demurrer was properly granted.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, J.J., concur.