22221

James C. ANDERS, Fifth Circuit Solicitor, Respondent, v. The COUNTY COUNCIL FOR RICHLAND COUNTY, John V. Green, as Chairman of Council, and James R. Barber, Jimmy C. Bales, A. T. Butler, John R. Camp, Leone Castles, Tom Elliott, Warren Giese, James C. Leventis, Billy E. Taylor and Candy Y. Waites, as Members of the County Council for Richland County, and John M. Knotts, Jr., Appellants.

(325 S. E. (2d) 538)

Supreme Court

*William F. Able*, Columbia, *for appellants Richland County Council.*

*S. Jahue Moore*, West Columbia, *for appellant John M. Knotts, Jr.*

*Julian H. Gignilliat*, Columbia, *for respondent.*

Heard Dec. 14, 1984.

Decided Jan. 28, 1985.

GREGORY, Justice:

This declaratory judgment action was commenced by respondent Anders, Solicitor of the Fifth Judicial Circuit. The issue presented is whether appellant Richland County Council had the authority to order Anders to reinstate appellant Knotts to his former position of chief investigator in the solicitor's office. The trial court below held that Council had no such power. We affirm.

Knotts was terminated in June 1982 without reason. He challenged the termination through an appeal to County Council pursuant to S. C. Code Ann. § 4-9-30(7) (1976). Anders did not appear at the hearing, but took the position that S. C. Code Ann. § 1-7-405 (Cum. Supp. 1983) was controlling. Council concluded Knotts had been wrongfully terminated and ordered his reinstatement. This action followed.

Appellants answered and counterclaimed. Anders demurred to the counterclaims, and thereafter moved for a summary judgment on his petition. The trial judge sustained the demurrers and granted summary judgment in favor of Anders. This appeal followed.

The first question concerns the interplay between Section 4-9-30(7), which provides for challenging employment termination by an elected official, and Section 1-7-405, which states employees of a solicitor serve at his "pleasure".

It is apparent Section 1-7-405 controls. This section specifically applies to solicitors. On the other hand, Section 4-9-30(7) speaks in a broad generalization referring only to elected officials. The language of Section 1-7-405 gives a solicitor broad power to fire employees. *See Rhodes v. Smith,* 273 S. C. 13, 254 S. E. (2d) 49 (1979) [construing S. C. Code Ann. § 23-13-10 (1976) which gives similar power to sheriffs.]

Appellants argue, assuming Section 1-7-405 applies, the section should not be given retroactive effect. They contend it was enacted subsequent to Knotts' hiring and passage of Section 4-9-30(7); therefore, the presumption against retroactive application of statutes prevents any application of Section 1-7-405 to Knotts' situation. *See Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978); *Curtis v. Renneker,* 34 S. C. 468, 13 S. E. 664 (1891).

This case, however, is not a case of the retroactive application of a statute. Instead, it is a valid exercise of legislative power over public officials.:

> Public officials are created for the benefit of the commonwealth, incumbents have no contract or property rights in them, and, unless it be otherwise provided by the Constitution, *they are subject entirely to legislative control.* Hence, subject to the Constitution, the General Assembly may fix the term, provide for removal, abolish the office, reduce the term, and *in every respect control* the existence, powers, emoluments, and tenure of public officers. *Wright, et al., v. City of Florence,* 229 S. C. 419, 428, 93 S. E. (2d) 215, 220 (1956). (Emphasis added.)

Therefore, the statute does apply to Knotts and Council did not have the power to order his reinstatement.

Appellants also argue Section 1-7-405 should be limited to prevent illegal acts and violations of constitutional rights; therefore, it was error for the trial judge to dispose of this case by demurrer and summary judgment without allowing full development of the case. Appellant

Knotts contends he was fired because he refused to campaign for Anders on county time. Though these are important issues, we hold they are overridden by public policy as presented in this case.

The public has an interest in the smooth operation of public offices. The public interest overrides any constitutional right to continued employment. *Pickering v. Board of Education,* 391 U. S. 563, 88 S. Ct. 1731, 20 L. Ed. (2d) 811 (1968); *Sprague v. Fitzpatrick,* 546 F. (2d) 560 (3rd Cir. 1976). Though a private cause of action for damages[1] may be brought for wrongful discharge, this case involves a different issue — whether one has a right to reinstatement for wrongful discharge.

If this Court were to allow reinstatement in this case, considering the inevitable animosity that would be present if Knotts returned to the solicitor's office, smooth and efficient operation of that office would be impossible. Therefore, the trial court properly disposed of this case by demurrer and summary judgment.

Appellant's remaining exceptions are without merit and are affirmed pursuant to Supreme Court Rule 23.

Affirmed.

NESS, Acting Chief Justice, HARWELL and CHANDLER, JJ., and GEORGE F. COLEMAN, as Acting Associate Justice, concur.

---

[1] At oral argument, appellant conceded there are not damages at this time because he has remained on the county payroll performing other duties since his termination by the solicitor.