22258

Theodore STEVENSON, Respondent, v. LOWER MARION COUNTY SCHOOL DISTRICT NO. THREE, Appellant.

(327 S. E. (2d) 656)

Supreme Court

---

*Kenneth L. Childs, David T. Duff* and *Emma Ruth St. Pierre,* of *Childs, Duff & St. Pierre, P.A.,* Columbia, and *Robert H. Corley,* of *Pridgen & Corley,* Mullins, *for appellant.*

*Richard M. Gergel,* of *Gergel & Burnette,* Columbia, *for respondent.*

Heard Feb. 19, 1985.

Decided March 13, 1985.

HARWELL, Justice:

The respondent Theodore Stevenson is a high school teacher for the appellant Lower Marion County School District Three. He was transferred to the elementary school and alleges that the transfer was in retaliation for his exercise of First Amendment rights. We reverse.

On November 16, 1981, Stevenson attended a meeting of the District's Board of Trustees. At the end of the meeting, the superintendent (Mr. Robert Johnson) opened the floor for comments by members of the public. The high school Student Council President stood up and began to request the Board for funds for student council activities. Mr. Johnson interrupted the student and would not allow him to complete his request.[1] The students who were present were extremely upset over Mr. Johnson's treatment of their President and complained to Mr. Stevenson. He allegedly attempted to calm them. However, by the next morning, word had spread among the student body, and some students were threatening to boycott classes. Stevenson told the principal about the situation and suggested that Johnson could diffuse the students' emotion by appearing before them. Johnson addressed the student body, and the school subsequently resumed normal operations.

However, Johnson became convinced that Stevenson had been a disruptive rather than a calming influence. He met with Stevenson and the principal and accused Stevenson of stirring up the students. Stevenson denied the charge and stated that Johnson had caused the problems. Johnson threatened to transfer Stevenson to elementary school. The principal then stated that Stevenson was one of his best teachers. Johnson postponed the transfer until the principal's retirement.

Stevenson appealed the transfer to the school district Board of Trustees and the County Board of Education pursuant to S. C. Code Ann. § 59-19-510 (1976). Both bodies af-

---

[1] The principal had apparently incorrectly advised the student to bring the matter before the Board.

firmed the transfer. He then appealed to circuit court pursuant to Code § 59-19-560 (1976). The circuit court ordered that Stevenson be transferred back to the high school.

The appeal to this Court must be considered as a matter of equity. We must find the facts in accordance with our view of the preponderance of the evidence and correct legal errors. *Lexington County School District One Bd. of Trustees v. Bost*, 282 S. C. 32, 316 S. E. (2d) 677 (1984).

Transfers are within the wide discretion of school officials. A teacher has no vested constitutional right to be employed at the school of his choice. *Riggs v. Laurens District 56*, 271 S. C. 463, 248 S. E. (2d) 306 (1978). *See also, Snipes v. McAndrew*, 280 S. C. 320, 313 S. E. (2d) 294 (1984).

Nevertheless, the respondent contends that his transfer was unconstitutionally motivated and a retaliatory response to his exercise of First Amendment rights. We disagree. The First Amendment has not been implicated because the respondent's speech was not of public concern.

Teachers do not give up the First Amendment rights they would otherwise enjoy as citizens to comment on matters of public interest. Yet, the State has an interest as employer in regulating the speech of employees which differs from its regulation of speech by the general citizenry. *Pickering v. Bd. of Education*, 391 U. S. 563, 88 S. Ct. 1731, 20 L. Ed. (2d) 811 (1968). *See Anders v. County Council*, 325 S. E. (2d) 538 (S. C. 1985). A balance must be struck between the teacher's interest, as a citizen, in commenting on matters of public concern and the State's interest, as employer, in promoting the efficiency of its public service. *Pickering, supra.*

A teacher bears the burden of showing that his conduct was constitutionally protected and that the conduct was a substantial factor in the decision not to rehire.[2] The school officials can then seek to prove that they would have reached the same decision in the absence of the protected conduct. *Mount Healthy School Dist. v. Doyle*, 429 U. S. 274, 97 S. Ct. 568, 50 L. Ed. (2d) 471 (1977).

In order for conduct by a public employee to be constitutionally protected, it must be of public concern. *Connick v. Myers*, 461 U. S. 138, 103 S. Ct. 1684, 75 L. Ed.

---

[2] This case involves a transfer rather than a discharge.

(2d) 708 (1983).[3] In *Connick*, an employee was disgruntled with her transfer to another department in the District Attorney's office. She circulated a questionnaire among co-workers soliciting their opinions on various office policies. She was fired, allegedly due to her refusal to transfer. She contended that the real reason for her discharge was a retaliation against her exercise of First Amendment rights in circulating the questionnaire. The Court upheld her discharge stating that no matter of public concern was present but that the dispute was an internal personnel problem. The Court stated that the content, form, and context of a statement, as revealed by the whole record, determines whether it is of public concern. If it is not, the Court cannot examine the fairness of the discharge.

In the case at bar, Stevenson stated:

> You [Johnson] accused me of inciting disturbance among the students at Terrells Bay High School as a result of *your* dehumanizing response to Jeffrey Legette during OUR district board meeting of November 16, 1981. As I told you in our conversation of November 19, 1981, *you* were responsible for inciting disturbances. . . .
>
> . . . It is quite [sic] obvious you are a poor communicator. Consequently, a poor communicator makes a poor educator. This is not needed nor is it welcomed in Lower Marion County School District Number Three.

The respondent contends that his statements related to the superintendent's attitude toward students and were therefore of public interest. We disagree. The statements were part of a personal employment dispute between the teacher and superintendent, characterized by intemperate statements on the part of each. These statements were not of any political, social, or other concern to the community.

It is not necessary to consider whether Stevenson was a disruptive influence on students. Since his statements were not matters of public concern, we do not reach the fairness of the transfer.

The judgment below is, accordingly,

---

[3] Of course, the fact that speech is made privately rather than publicly does not remove the protection of the First Amendment. *Givhan v. Western Line Consolidated School Dist.*, 439 U. S. 410, 99 S. Ct. 693, 58 L. Ed. (2d) 619 (1979).

Reversed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.