22871

Carrol HEATH, in his capacity as Sheriff of Aiken County, Appellant-Respondent v. The COUNTY OF AIKEN, Aiken County Council, Scott Barnes, in his capacity as County Administrator, and Carroll Warner, Fay Hatcher, Medwell Hill, Lawana McKenzie, Mim Woodring, J. Michael Toole, Marilyn Smith, Ralph Cullinan, in their capacities as members of County Council, Respondents-Appellants.

(368 S. E. (2d) 904)

Supreme Court

*John W. Harte*, Aiken, *for appellant-respondent.*

*Robert M. Bell, Co. Atty.*, and *Dennis M. Gmerek, Asst. Co. Atty.*, Langley, *for respondents-appellants.*

Heard April 4, 1988.

Decided May 23, 1988.

HARWELL, Justice:

This is an appeal from a declaratory judgment action. We reverse in part and remand.

The Sheriff of Aiken County (Sheriff Heath) sought a declaratory judgment defining the relationship between his office and Aiken County Council (Council). The circuit court ruled that except for purposes of hiring, firing, and promoting employees, Council may develop personnel system policies and procedures for sheriff's department employees pursuant to S. C. Code, Ann. § 4-9-30(7); that an employee discharged from the sheriff's department has a right to submit a grievance to the county grievance committee; and that for purposes of Section 4-9-30(7)'s personnel policies and procedures, sheriff's deputies are "employees." Sheriff

Heath appeals these rulings. Council appeals the portion of the order requiring it to pay Sheriff Heath's attorney's fees.

## I. COUNTY PERSONNEL POLICY
Section 4-9-30(7) empowers county governing bodies to:

> ... develop personnel system policies and procedures for county employees by which all county employees are regulated except those elected directly by the people, and to be responsible for the employment and discharge of county personnel in those county departments in which the employment authority is vested in the county government but this authority shall not extend to any personnel employed in departments or agencies under the direction of an elected official ...[1]

The statute also provides a review hearing before county council for "[a]ny employee discharged by the ... elected official ..." Council is authorized to reverse the dismissal and reinstate the employee with back pay.[2] Any discharged employee may also elect to submit his grievance to a county grievance committee.

Sheriff Heath first argues that commissioned deputies are not county "employees" for purposes of Section 4-9-30(7)'s personnel policies and grievance procedure. We agree.

The county governing powers set out in Section 4-9-30 are "subject to the general law of this State ..." The "general law" on deputy sheriffs is well-settled in South Carolina: a deputy serves at his sheriff's "pleasure." *Rhodes v. Smith*, 273 S. C. 13, 254 S. E. (2d) 49 (1979); *see* S. C. Code Ann. § 23-13-10 (1976). Section 23-13-10 also holds the sheriff "answerable for neglect of duty or misconduct in office of any deputy." Section 23-13-50 empowers a deputy sheriff to perform "any and all of the duties appertaining to the office of his *principal*," i.e. the sheriff. (emphasis added). A deputy, then, acts as his sheriff's agent under South

---

[1] A sheriff is an elected official in South Carolina. S. C. Const. art. V, § 20; S. C. Code Ann. § 23-11-10 (1976).

[2] Section 4-9-30(7) was amended effective February 24, 1988, to clarify references relating to county grievance procedures. The amendment was not in effect when Sheriff Heath's declaratory judgment action was filed or ruled upon by the lower court.

Carolina law.[3] *See, e.g., Willis v. Aiken County,* 203 S. C. 96, 26 S. E. (2d) 313 (1943).

■ The county personnel policy at issue here included such elements as working hour limitations, attendance and leave regulations, and work schedule assignments. Implementation of such policies would afford Council a degree of day-to-day control over deputies irreconcilable with the common and statutory law of this state. A deputy's "serv[ice] at the sheriff's pleasure," *Rhodes v. Smith, supra,* entails not only *how long* he serves, but *how* he serves. We therefore hold that for purposes of personnel system policies under Section 4-9-30(7), the legislature did not intend the term "employees" to include deputies.

The statutory grievance procedure is similarly inapplicable to deputies. First, as stated above, deputies are not "employees" for purposes of Section 4-9-30(7). Next, the statutes establishing the relationship between sheriff and deputy should not be "considered as repealed by a later general statute unless there is a direct reference to the former statute or the intent of the legislature to repeal the earlier statute is implicit." *Rhodes v. Smith, supra,* 273 S. C. at 16, 254 S. E. (2d) at 50. Section 4-9-30(7) is general; it "speaks in a broad generalization referring only to elected officials." *Anders v. County Council for Richland County,* 284 S. C. 142, 144, 325 S. E. (2d) 538, 539 (1985). In *Anders,* we held that Section 4-9-30(7) is subordinate to a statute specifically stating that employees of a solicitor serve at his "pleasure."

We therefore reject the argument that Section 4-9-30(7)'s grievance hearing limits a sheriff's "previously unbridled pleasure." *Rhodes v. Smith, supra.* Nothing in the statute itself implies such a limitation was intended by the legislature. To the extent the circuit court's order included depu-

---

[3] The federal courts have so recognized. In *Allen v. Fidelity & Deposit Co. of Maryland,* 515 F. Supp. 1185 (D.S.C. 1981), *aff'd,* 694 F. (2d) 716 (4th Cir. 1982), a Title 42 U.S.C. § 1983 action involving the Aiken County Sheriff's Department, the court wrote that "a deputy sheriff has been considered, both under South Carolina common and statutory law, as the agent of the sheriff, not as 'employee' of the county" (citations omitted). The court concluded that "it is abundantly clear that historically in South Carolina the deputy sheriffs are answerable only to the sheriff and not the county government." *Id.* at 1190.

ties as county "employees" under Section 4-9-30(7), it is reversed.

We disagree, however, with Sheriff Heath's contention that *no* discharged sheriff's department personnel are entitled to a grievance hearing under Section 4-9-30(7). Subsection (7) provides that the sheriff's employment and discharge authority extends to "all personnel employed" in the sheriff's department. The subsection also provides for a public hearing and potential reinstatement for "[a]ny employee discharged by the ... elected official ..." The common and statutory law which shapes the relationship between sheriff and deputy does not carry over to a sheriff's relationship with other department personnel. Sheriff Heath asserts no reason, nor do we discern any, why the legislature cannot grant a sheriff the power to hire and fire personnel yet limit that power through the grievance hearing procedure. Section 23-13-10 grants a sheriff unreviewable employment and discharge authority over deputies; no corresponding statute exists for other department personnel. The legislature's intent to include sheriff's department personnel other than deputies as "employees" under Section 4-9-30(7) is clear from the statutory language itself.

## II. ATTORNEY'S FEES

Council argues that the court failed to make the necessary findings under S. C. Code Ann. § 15-77-300 (Supp. 1987) before ordering Council to pay Sheriff Heath's attorney's fees and court costs. We agree.

Section 15-77-300 states three prerequisites to the recovery of attorney's fees and costs by a party contesting state action: first, the contesting party must be the "prevailing" party; second, the court must find "that the agency acted without substantial justification in pressing its claim against the party;" and third, the court must find "that there are no special circumstances that would make the award of attorney's fees unjust."

The lower court found that Sheriff Heath acted in "good faith" in retaining private counsel and that the litigation prompted a partial settlement beneficial to all Aiken County citizens. The findings, however, fall short of those clearly required by Section 15-77-300. We therefore reverse the

attorney's fees portion of the order and remand the issue for the required statutory findings. We need not reach council's remaining exceptions.

Affirmed in part; reversed in part; and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.