23082

Thomas G. BOTCHIE, Appellant v. Michael O'DOWD; Charleston County Council; the Sheriff of Charleston County, and the Retirement Division of the State of South Carolina Budget and Control Board, Respondents.

(384 S. E. (2d) 727)

Supreme Court

*Gregg Meyers* of *Finkel, Georgaklis, Goldberg, Sheftman and Korn, P.A.,* Charleston, *for appellant.*

*Thomas S. Tisdale, Jr.* and *Elizabeth A. Barone* of *Young, Clement, Rivers & Tisdale,* and *A. Arthur Rosenblum,* Charleston, *for respondents.*

Heard June 8, 1989.

Decided Sept. 5, 1989.

HARWELL, Justice:

This case involves a sheriff's firing of a deputy. The deputy sued, and the circuit court granted the sheriff's summary judgment motion. We affirm in part, reverse in part, and remand.

## FACTS

We glean the following facts from a review of the entire record and Statement of the Case:

Appellant Thomas G. Botchie was appointed "Under-sheriff"[1] of Charleston County in 1986 by Sheriff Charles F. Dawley. Sheriff Dawley died in office, and on or about November 6, 1987, the Governor appointed Respondent Michael O'Dowd to fill the unexpired term. Undersheriff Botchie had previously been Sheriff O'Dowd's superior when both were Charleston County police officers.

On December 2, 1987, Botchie returned from ten days vacation and was fired by O'Dowd. Botchie's request for a hearing before Charleston County Council was denied. He

---

[1] For purposes of addressing the summary judgment issue, we assume that "undersheriff" and "deputy sheriff" are essentially synonymous positions under South Carolina common law. *See Allen v. Fidelity Deposit Co. of Md.,* 515 F. Supp. 1185 (D. S. C. 1981); *Willis v. Aiken County,* 203 S. C. 96, 26 S. E. (2d) 313 (1943).

then sued O'Dowd, both in his individual capacity and as Sheriff, alleging causes of action for intentional violation of civil rights, retaliatory discharge, and wrongful discharge. Charleston County Council and the Retirement Division of the South Carolina Budget and Control Board were named as parties necessary to complete relief under Rule 19(a), SCRCP.

In an affidavit, O'Dowd claimed he fired Botchie for unsatisfactory job performance and for "causing disharmony within and outside of the [sheriff's] office with other agencies of the State and County . . ." In his deposition, O'Dowd stated that he had heard Botchie was publicly questioning O'Dowd's experience and ability to be sheriff. O'Dowd also claimed that he had learned that Botchie had made political "threats" against him.

Botchie's pleadings and deposition recite a different story. Botchie claimed O'Dowd told him he was being fired for accusing two legislators from O'Dowd's political party of being "liars" and for making politically "threatening" statements about O'Dowd in public. Botchie argues that he was fired for exercising his constitutionally protected right of free speech.[2]

All respondents moved for summary judgment. The circuit court granted summary judgment to all respondents on all causes of action, ruling that no triable issues of fact existed with regard to Botchie's termination. Botchie appeals that ruling.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Manning v. Quinn*, 294 S. C. 383, 365 S. E. (2d) 24 (1988).

The circuit court held that Sheriff O'Dowd was entitled to summary judgment as a matter of law based on the following sentence from *Heath v. County of Aiken*, 295 S. C. 416, 420, 368 S. E. (2d) 904, 906 (1988):

[2] U. S. Const. amend. I; S. C. Const. art. I, § 2.

> *Section 23-13-10 grants a sheriff unreviewable employ-
> ment and discharge authority over deputies;* no corre-
> sponding statute exists for other department personnel.
> (Emphasis added.)

The trial court apparently read the foregoing language to
preclude judicial inquiry into the reason or reasons for
Botchie's dismissal. Respondents likewise urge a broad read-
ing of *Heath* that would, in all cases, preclude *judicial* re-
view of the firing of a deputy sheriff, irrespective even of
alleged constitutional violations.

Respondents, like the circuit court, have misconstrued the
scope of our *Heath* decision. That case presented a statutory,
not constitutional, challenge to a sheriff's authority over his
deputies. *Heath* pitted one statutory priority (S. C. Code
Ann. § 4-9-30(7) (1986)—county grievance procedure)
against another (S. C. Code Ann. § 23-13-10 (1976)—Deputy's
service at sheriff's pleasure). *Heath* stands for the proposi-
tion that a sheriff's hiring and firing of deputies is "unre-
viewable" in terms of a council-implemented grievance
procedure. This is so, we held, because the legislature did not
intend for deputies to be included within the term "employ-
ees" used in § 4-9-30(7). 295 S. C. at 419, 368 S. E. (2d) at 906.

Unlike *Heath*, the present case concerns an alleged con-
flict between a deputy's statutory service at his sheriff's
pleasure and the deputy's exercise of constitutionally guar-
anteed rights. Respondents' construction of *Heath* would not
only require us to read the term "unreviewable" outside its
proper context in that case, but would strip the courts of
their power of review and thereby place a sheriff's discharge
decisions beyond the reach of the very constitution which
creates his office.[3] We reject such a construction and hold
that the circuit court erred in reading *Heath* to entitle
Sheriff O'Dowd to summary judgment as a matter of law.

Botchie next alleges that the court erred in granting
summary judgment in favor of the Retirement Divi-
sion of the Budget and Control Board. We agree.

Botchie alleged that the Retirement Division is the entity
that regulates the retirement fund applicable to deputy

---

[3] S. C. Const. art. V, § 20 authorizes the election of a sheriff as a county
officer.

sheriffs and that the discharge affected his retirement. Botchie moved to join the Retirement Division as a party pursuant to Rule 19(a), *SCRCP*, which provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties ...

The trial court did not rule on the joinder motion, but granted the Retirement Division summary judgment on the ground that Botchie had "allege[d] no wrongdoing" by that body.

The trial court erred in basing its ruling on this ground; an allegation of wrongdoing is not a prerequisite to joinder under Rule 19(a)(1). We therefore remand the issue to the circuit court for a determination under Rule 19(a)(1) on whether a complete determination of the controversy can be made, and complete relief granted, if the Retirement Division is not joined as a party defendant.

Botchie claims the trial court erred also in granting summary judgment to Charleston County Council.

Botchie argues that he was entitled to a discharge hearing before county council under § 4-9-30(7), which provides, in pertinent part:

> Any employee discharged by [an] ... elected official ... shall be granted a public hearing before the entire county council if he submits a request in writing to the clerk of the county council within five days of receipt of notice of discharge.

We disagree with Botchie's claim. This issue was put to rest in *Heath:*

> The statutory grievance procedure is similarly inapplicable to deputies. First ... deputies are not "employees" for purposes of Section 4-9-30(7). Next, the statutes establishing the relationship between sheriff and deputy should not be "considered as repealed by a later general statute unless there is a direct reference to the former statute or the intent of the legislature to repeal the earlier statute is implicit." *Rhodes v. Smith, supra,*

273 S. C. [13] at 16, 254 S. E. (2d) [49] at 50. Section 4-9-30(7) is general; it "speaks in a broad generalization referring only to elected officials." *Anders v. County Council for Richland County,* 284 S. C. 142, 144, 325 S. E. (2d) 538, 539 (1985). In *Anders,* we held that Section 4-9-30(7) is subordinate to a statute specifically stating that employees of a solicitor serve at his "pleasure."
We therefore reject the argument that Section 4-9-30(7)'s grievance hearing limits a sheriff's "previously unbridled pleasure." *Rhodes v. Smith, supra.*

295 S. C. at 419-420, 368 S. E. (2d) at 906. Based on the foregoing language from *Heath,* the trial court properly granted Charleston County Council summary judgment on this issue.

In conclusion, we note that the parties devoted extensive portions of their briefs and oral arguments to the issue of whether Botchie's comments questioning the integrity of two local legislators constituted protected speech on a matter of legitimate public concern. *See, e.g. Connick v. Myers,* 461 U. S. 138, 103 S. Ct. 1684, 75 L. Ed. (2d) 708 (1983) (balancing public employee's protected right to speak on matter of public concern with government official's interest in efficient fulfillment of responsibilities to public); *Joyner v. Lancaster,* 815 F. (2d) 20 (4th Cir. 1987) (noting that inquiry into whether or not speech implicated matter of public concern, and subsequent balancing of interests, are issues of constitutional law for the court); *Jones v. Dodson,* 727 F. (2d) 1329 (4th Cir. 1984) (setting out four-part analytical framework for addressing constitutional issues arising when public employee alleges discharge based on political affiliations and expressions). We need not reach the constitutional issue, however, because reversal is mandated by the trial court's grant of summary judgment to Sheriff O'Dowd on an incorrect legal ground, *i.e.* the misinterpretation of *Heath.* Moreover, the present record on summary judgment is insufficient for review of the constitutional issues; those issues were addressed in the above-cited cases not on summary judgment, but on fully factually developed records.

We hold that the circuit court erred in interpreting *Heath* to entitle Sheriff O'Dowd to summary judgment as a matter of law and in summarily dismissing the Retirement Division from the case. The court properly ruled, however, that

Botchie was not entitled to a discharge hearing before county council. We need not reach Botchie's remaining exceptions. Accordingly, the order of the circuit court is affirmed in part; reversed in part; and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.