

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 15, 1990

Mr. Fred S. Brinkley, Jr., R.Ph.      Opinion No. JM-1233
Executive Director/Secretary
Texas State Board of Pharmacy         Re: Application of a provi-
8505 Cross Park Drive, Suite 110      sion in article 4542a-1,
Austin, Texas 78754-4594              V.T.C.S., the Texas Pharmacy
                                      Act, limiting the eligibil-
                                      ity of board members to two
                                      terms (RQ-2129)

Dear Mr. Brinkley:

You have requested our opinion regarding the eligibili-
ty of a member of the Texas State Board of Pharmacy to serve
another term.

You explain that a particular individual was appointed
to a full term on the Board of Pharmacy in 1973 and reap-
pointed in 1979. In 1981, the legislature enacted the
following provision as part of amendments to the Texas
Pharmacy Act:

> (c) A member of the board may not serve
> more than two consecutive full terms. The
> completion of the unexpired portion of a full
> term does not constitute a full term for
> purposes of this section.

V.T.C.S. art. 4542a-1, § 10(c). The member in question was
reappointed to the board in 1985. You suggest that he is
eligible to be reappointed in 1991, because the 1981-85
period constitutes "completion of the unexpired portion of a
full term," and the appointments in 1985 and 1991 should be
construed as the beginning dates of his allotted full terms.
You contend that to consider the member's prior service at
the time the statute was amended in 1981 would constitute a
retroactive application of the statute.

It is certainly the settled rule that "a statute is
presumed to be prospective in its operation unless expressly
made retrospective." _Texas Dep't of Public Safety v._
_Sefcik_, 751 S.W.2d 239, 240 (Tex. App. - San Antonio 1988,
no writ). Furthermore, "a law is retrospective if it

'changes the consequences of acts completed before its effective date'." Piper v. Perrin, 560 F. Supp. 253, 255 (D.N.H. 1983). However, even a statute that is retroactively applied is not unlawful "solely because it upsets otherwise settled expectations." Long Island Oil Products Co. v. Local 553 Pension Fund, 775 F.2d 24, 27 (2d Cir. 1985).

In Perry v. O'Farrell, 212 P.2d 848 (Colo. 1949), a state constitutional amendment imposed a requirement that five additional points be added to the final scores of veterans who sat for state civil service examinations. A non-veteran who had taken the examination prior to the amendment brought suit, claiming that the addition of five points to the scores of veterans would amount to a retroactive application of the amendment. The court declared:

> An act is not retroactive if it applies to persons who presently possess a continuing status even though a part or all of the requirements to constitute it were fulfilled prior to passage of the act or amendments thereto.

Id. at 852 (quoting Albright v. Board of Trustees of Firemen's Pension Fund, 82 P.2d 765, 771 (Colo. 1938)). Analagously, in the situation you present, most of the member's "requirements . . . were fulfilled prior to passage of the act." This fact alone does not mean that the statute is retroactive if his prior service is considered in determining his future eligibility.

Likewise, Anders v. County Council for Richland County, 325 S.E.2d 538 (S.C. 1985), considered the status of an individual who had been hired as a chief investigator for a solicitor under a statute which provided a means for challenging employment terminations by an elected official. Subsequently, a statute was enacted which declared that employees of a solicitor serve at his pleasure. The investigator brought suit, contending that application of the "termination at will" statute to his situation would give that law retroactive effect. The court concluded that this was not a case of retroactive application:

> Public officers are created for the benefit of the commonwealth, incumbents have no contract or property rights in them, and, unless it be otherwise provided by the Constitution, they are subject entirely to legislative control. Hence, subject to the

> Constitution, the General Assembly may fix the term, provide for removal, abolish the office, reduce the term, and in every respect control the existence, powers, emoluments, and tenure of public officers.

Id. at 539 (citing Wright v. City of Florence, 93 S.E.2d 215, 220 (S.C. 1956)).

In Open Records Decision No. 358 (1983), it was argued that a change in the status of certain property tax information from "open" to "closed" applied only to information collected after the effective date of the statute. The opinion stated:

> The Open Records Act vests no right in anyone to have previously-disclosable information remain disclosable notwithstanding an intervening determination by the legislature that it should be withheld from public inspection. . . . To be vested, a right must be something more than an expectation of the continuance of an existing law. It must have become an entitlement to the present or future enjoyment of property or the enforcement of a demand, or to a legal exemption from demands.

Id. at 3.

In the situation you pose, the member had no vested right to his position on the Pharmacy Board. As the South Carolina court noted, the legislature could have even reduced his present term of service or abolished the office entirely. See Attorney General Opinions JM-235 (1984); H-955 (1977).

Finally, we note that the legislature could have entirely excluded from the application of section 10(c) all members who were serving on the board at the time the statute was amended. This approach was used in Amendment 22 of the United States Constitution, which limited the term of office of the President of the United States to two terms, but specified that it did "not apply to any person holding the office of President when this article was proposed by the Congress." Article 4542a-1, however, contains no such grandfather clause.

We conclude that a member of the State Board of Pharmacy who was appointed in 1973, and reappointed in 1979 and

1985, is not eligible to be reappointed to the board under the terms of section 10(c) of article 4542a-1, V.T.C.S., which limits membership on the board to two full terms.

## S U M M A R Y

A member of the State Board of Pharmacy who was appointed in 1973, and reappointed in 1979 and 1985, is not eligible to be reappointed to the board under the terms of section 10(c) of article 4542a-1, V.T.C.S., which was enacted in 1981 and which limits membership on the board to two full terms.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General