The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Representative Bradford:
I am writing in response to your request for an opinion on the following:
 The Pine Bluff Police Department has a policy which prohibits its officers from participating in off-duty employment which "represents a threat to the status and dignity of the law enforcement profession" and included in this category by the policy is "any employment involving the sale, manufacture or transport of alcoholic beverages as the principal business."
 The question has surfaced "whether officers working security at nightclubs represents a conflict of interest." Our prosecuting attorney has expressed that he believes that it does. Based on the above-referenced policy (copy of whole policy attached), does a conflict exist?
You have also enclosed a copy of a Pine Bluff city ordinance addressing the off-duty employment of probationary police officers.
RESPONSE
I regret that I cannot provide an opinion on your question because the construction of local municipal policies and ordinances is not within the purview of this office. It has long been the policy of the Attorney General's office to decline to construe the provisions of local ordinances. See Ops. Att'y. Gen. No. 2004-173; 2003-260; 2003-063; 2002-306; 2002-290; 2001-374; 2001-283; 2001-258; 99-287; 99-146; 99-088; 99-068; 97-080; and 97-038. This policy applies equally to the construction of municipal policies and procedures. As I recently stated in Opinion 2003-063:
 [T]he interpretation of local ordinances is a matter outside the domain of the Attorney General. The interpretation of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the city council that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office. An interpretation of the legality of the specific ordinance that is the subject of your questions therefore must ultimately be handled locally, through the interested parties and their counsel, or through a medium that can consider local factual matters, such as a court.
Id. citing Op. Att'y. Gen. 2002-306.
As I stated in Opinion 2004-173: "[m]y predecessors and I have issued opinions, however, discussing local ordinances to the extent necessary to determine the application of state law (see Op.Att'y Gen. 2003-260), or where the discussion did not raise questions of intent under a local ordinance. See Op. Att'y. Gen. 2001-158.
The question posed in the instant request seems directed entirely at the meaning of the local policy and/or ordinance and does not involve a question concerning the application of state law. That is, I interpret your question as being whether employment at a nightclub would fall within the prohibition of the City of Pine Bluff policy above. This issue does not involve construction or application of state law. There is, according to my research, no state statutory law in Arkansas addressing the off-duty employment of police officers. There are, however, a number of court decisions from other jurisdictions acknowledging a city's general authority to prohibit police officers from working in establishments that have some connection to the sale of alcoholic beverages. See e.g., Puckett v. Miller, 821 S.W.2d 791 (Ky. 1992);Fraternal Order of Police v. City of Evansville, 559 N.E.2d 607 (Ind. 1990); and Rhodes v. Smith, 273 S.C. 13, 254 S.E.2d 49 (1979). See also
South Carolina Op. Att'y. Gen. (Inf.) 1996 WL 94029.
I am not in a position, however, to determine whether the Pine Bluff policy prohibits outside employment at a nightclub. That is a job best left to "the interested parties and their counsel, or through a medium that can consider local factual matters, such as a court." See Op. Att'y. Gen. 2003-063, supra.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh