634 S.E.2d 651

Skylet MORRIS, Kathy A. Snelling, and
Jo Elizabeth Wheat, Respondents,

v.

The SOUTH CAROLINA WORKERS' COMPENSATION COM-
MISSION, J. Alan Bass, Lisa Denese Chavis, Sherry Shealy
Martschink, W. Lee Catoe, Holly Saleeby Atkins, J. Michelle
Childs, George N. Funderburk, as Commissioners of the South
Carolina Workers' Compensation Commission, and Alicia K.
Clawson, as Executive Director of the South Carolina Workers'
Compensation Commission, in their official capacities, Defen-
dants,

Of whom Sherry Shealy Martschink, W. Lee Catoe,
and George Funderburk are, Respondents,

and The South Carolina Workers' Compensation Commission, J.
Alan Bass, Lisa Denese Chavis, Holly Saleeby Atkins, J. Mi-
chelle Childs, and Alicia K. Clawson, as Executive Director of
the South Carolina Workers' Compensation Commission, in
their official capacities are, Appellants.

No. 26201.

Supreme Court of South Carolina.

Heard June 7, 2006.

Decided Aug. 21, 2006.

Rehearing Denied Sept. 20, 2006.

Keith M. Babcock and William A. McKinnon, of Lewis & Babcock, L.L.P., of Columbia, for appellants.

J. Lewis Cromer, of Cromer & Mabry, of Columbia, for respondents Morris, Snelling, and Wheat.

J. Dennis Bolt, of Bolt Law Firm, of Columbia, for respondents Martschink, Catoe, and Funderburk.

Justice MOORE:

Respondents Morris, Snelling, and Wheat (hereinafter "Court Reporters") commenced this action challenging their termination as full-time State employees with the South Carolina Workers' Compensation Commission (Commission). The trial court granted summary judgment in their favor. We reverse.

## FACTS

Court Reporters' positions were eliminated on November 1, 2002, pursuant to a Reduction in Force Plan adopted by a majority of the commissioners (Majority Commissioners) in order to reduce the Commission's budget deficit during the State's fiscal crisis. The Majority Commissioners are the appellants here.

Three commissioners—Martschink, Catoe, and Funderburk—voted against the Reduction in Force Plan. Court Reporters worked for these commissioners. Although their positions were eliminated, Court Reporters were retained as court reporters for the Commission on an independent contractor basis. However, Court Reporters no longer received the benefits they once enjoyed as State employees, including

travel reimbursement, retirement, and health insurance. Further, the Commission limited hearings to ten days per month which reduced Court Reporters' salaries because they were paid only for the hours they worked instead of full-time pay.

Court Reporters brought this suit against the Commission and all of the individual commissioners. The Majority Commissioners moved to have Commissioners Martschink, Catoe, and Funderburk realigned as plaintiffs which was granted by the trial court. Commissioners Martschink, Catoe, and Funderburk have taken no action in this matter. Commissioner Funderburk is the only one of these three commissioners still serving on the Commission.

On Court Reporters' motion for summary judgment, the trial court ordered Court Reporters' reinstatement to their prior positions under S.C.Code Ann. § 42–3–60 (1985) which provides in its entirety:

> § 42–3–60.  **Secretary and court reporter of commissioners.**
>
> Each commissioner shall be authorized to employ a secretary and a court reporter to serve at his pleasure.

The trial court ruled that under this section the Commission's court reporters could not be terminated pursuant to the Reduction in Force Plan and ordered their reinstatement.

## ISSUE

Did the trial court err in ordering Court Reporters' reinstatement?

## DISCUSSION

In ruling that each individual commissioner has exclusive control over the employment of his or her court reporter under § 42–3–60, the trial court looked to this Court's precedent interpreting "at pleasure" employment.

In *Anders v. County Council for Richland County,* 284 S.C. 142, 325 S.E.2d 538 (1985), we addressed a dispute over a solicitor's termination of an employee who was then reinstated by county council. We held the solicitor had the exclusive power to terminate the employee under S.C.Code Ann. § 1–7–405 (2005) which provides that assistant solicitors, investiga-

tors, and secretaries "serve at the pleasure of the solicitor." We concluded the employee's reinstatement by county council was therefore improper. In *Heath v. Aiken County*, 295 S.C. 416, 368 S.E.2d 904 (1988), we held that a sheriff's deputy was not a county employee for purposes of grievance procedures because a deputy serves "at the pleasure of" the sheriff, and the sheriff therefore has unbridled discretion over the employment and discharge of his deputies.

These cases upheld the *employer's* right to control the hiring and firing of "at pleasure" employees. Similarly, § 42–3–60 protects the employing commissioner's right to control the hiring and firing of the court reporter; there is nothing in the language of the statute indicating it was enacted to benefit the court reporters. *See Adkins v. South Carolina Dep't of Corrections*, 360 S.C. 413, 602 S.E.2d 51 (2004) (where a statute does not specifically create a private cause of action, one may be implied only if the legislation was enacted for the special benefit of a private party). We conclude Court Reporters have no cause of action under § 42–3–60. We express no opinion regarding the extent of the individual commissioners' control over the employment of court reporters since no commissioner has pursued this cause of action.

The order of the trial court is **REVERSED.**

TOAL, C.J., WALLER, BURNETT, JJ., and Acting Justice ROGER M. YOUNG, concur.